The German Insurance Company, of *Freeport, Ill.,* et al., v. C. B. Smelker, *et al.*

Special Findings — *Contradiction and Inconsistency — Reversal of Judgment.* Special findings of a jury must be so contradictory as to material facts, and so inconsistent with the general verdict as to render it impossible for the court to render an intelligent judgment which embraces and harmonizes all the facts found, and necessary to support the judgment before the cause should be reversed because of such contradiction and inconsistency.

*Error from Crawford District Court.*

Action brought by the defendants in error against the plaintiffs in error, to discharge a mortgage made by the defendants in error in favor of Angell Matthewson, and assigned to the plaintiff in error, Hoffman. The facts are as follows : On the 23d day of August, 1883, the defendants in error procured of the German Insurance Company, of Freeport, Ill., a policy of insurance on certain property in Pittsburg, Kansas, to secure the sum of $400. On the premises insured was a mortgage in favor of Angell Matthewson, trustee, to secure a note of seven hundred dollars. In the policy of insurance was a mortgage clause, wherein it was stipulated that the policy of insurance in case of loss should be payable to Matthewson as his interest might appear. On the 9th day of March, 1884, the insured suffered a partial loss, which was adjusted at $347. The German Insurance Company afterward sent a draft payable to the order of the defendant in error, C. B. Smelker, for the sum of $340.37, which was the amount of the loss as adjusted, less sixty days' interest. This draft was sent to F. D. Gill, an agent of the company, together with a receipt for the money. Gill took the draft to Smelker, and represented to Smelker that the draft was sent to him in that way, in order that he might get his receipt and indorsement, and that the draft when indorsed was to be turned over to Matthewson. Smelker indorsed the draft, signed the receipt and delivered both to Gill, who collected the draft and appropriated the

money to his own use. Afterward the plaintiff in error, Hoffman, purchased the mortgage of Matthewson and obtained an assignment of the same. The sum due on the mortgage was nearly the same as the amount of the loss due on the insurance policy. The defendants in error claim that Hoffman at the time of the purchase of the mortgage was the agent of the insurance company, and that he purchased the mortgage with its money.

Trial by the court. Certain special questions of fact were submitted to a jury, which they answered, but returned no general verdict. The plaintiffs filed a motion for judgment in their favor upon the special findings. On April 15, 1885, the court sustained this motion, and thereupon adjudged as follows:

"That the mortgage bond with the ten coupons annexed thereto, and the mortgage deed given to secure the same, all of date August 1st, 1883, made, executed and delivered on that date by plaintiffs herein, to John Calder, through Angell Matthewson, of Parsons, Kansas, and afterward and before the commencement of this action assigned in writing by indorsement on each and all of them, by John Calder to F. E. Hoffman, defendant herein, be, and they and each of them hereby are, canceled, set aside, and held for naught, and that the plaintiffs herein, Charles B. Smelker, Anna Smelker his wife, Edward H. Klock and Ella Klock his wife, be and they and each and all of them hereby are fully discharged and released from the obligations thereof. And it is further ordered and adjudged by the court, that the plaintiffs, Charles B. Smelker, Anna Smelker, Edward H. Klock, and Ella Klock, do have and recover of and from the defendants their costs in this action, taxed at $107.30."

The defendants bring the case to this court.

*James Brown*, and *B. F. Pursel*, for plaintiffs in error.

*Jno. Martin*, and *C. M. Foster*, for defendants in error.

Opinion by SIMPSON, C.: The special findings of the jury are conclusive here. This has been expressed so often that its repetition has become wearisome, and hence, the only ques-

tion we shall consider is, whether they authorized the judgment rendered.    They are in substance, that the policy in case of loss was to be paid to Matthewson as trustee; that he had received from other insurance companies and from the plain-tiffs a sufficient amount of money to pay the loan secured by the mortgage; that the German Insurance Company paid the amount of money due by the adjustment for the loss on the policy as purchase-money for the bond and mortgage, through their agent F. E. Hoffman, who took an assignment of the bond and mortgage and is seeking to enforce the same in this action, and claims to hold said bond and mortgage; but he paid for them out of the money of the insurance company whose agent he was in the transaction; that the defendants in error have not received any payment on account of said loss; that the draft offered in evidence was not sent to them; that the draft was indorsed by Smelker in compliance with instructions sent by the company to its local agent, so that he could get the money on the draft and send it to Matthewson as trustee; that Gill, the local agent, acted for the company.

These findings are said to be contradictory, and not supported by sufficient evidence.    As to the latter objection, we have examined the evidence presented in the record enough to know that there is some evidence to sustain them, and this is all that is required.    We shall not weigh the evidence to determine whether the findings are supported by more evidence than was produced on the other side.    The trial court has performed that duty, and approved them.    We do not think that they are contradictory in the sense that there are adverse findings on the same state of facts.    It may have been a difficult duty for the jury to determine at what particular periodical juncture Gill ceased to become the agent of the insurance company, and assumed that relation towards the defendants in error, but the record shows accomplishment by the jury, and approval by the trial judge.    Nor do we think that the jury have made a finding on any one of the special interrogatories submitted to them, which neutralizes or destroys the legal effect of any other finding.    The sole question remaining is, whether the judgment is right on the findings.    It is

said by counsel on both sides that the concurrence of three propositions entitled the plaintiffs below to the relief sought, and they are: First, it was the duty of the German Insurance Company to pay the amount of the loss to the mortgagee; second, that as a matter of fact the insurance company did pay the loss to the mortgagee; third, that instead of paying this loss in satisfaction of the bond and mortgage, it took an assignment thereof, and is now seeking to enforce them.

About the first proposition there is no controversy; it was the duty of the German Insurance Company to pay for the loss occasioned by the fire, and, as long as the bond and mortgage were outstanding and unpaid, to Matthewson, as a clause in the policy required. If at the time of the adjustment of the loss it had appeared that the bond and mortgage to Matthewson as trustee had been paid, then it should have been paid to the mortgagors, the insured.

The jury found specially that Matthewson as trustee had received from this and other companies a sum of money sufficient to pay off the bond and mortgage. They found in substance that the payment by Hoffman was as agent of the company, and with its funds; and if this is so, it authorizes the legal conclusion that the payment was in satisfaction of the note and mortgage, and not for the purposes of an assignment. In other words, the insurance company had obligated itself to pay the loss to the mortgagee; it did so, but instead of discharging the mortgage, it took an assignment of it and sought to enforce it. There can be no doubt but that the legal conclusion irresistibly follows the findings of the jury. Of course, the real quarrel in this case is with the facts as found by the jury. These are beyond our control, and very largely exempt from our criticism. Special questions the same in substance have been submitted to two juries, and like answers returned, and the general equities of the case are with the defendants in error.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.