THE LEAVENWORTH, NORTHERN & SOUTHERN RAILWAY COMPANY v. LINTON J. USHER.

1. RAILROAD — *Right-of-Way* — *Measure of Damages.* In condemnation proceedings for the assessment of damages occasioned by the procuring of a right-of-way for a railroad company, the owner of the land may recover damages only for his loss in surrendering to the railroad company such right-of-way, and cannot recover in such a proceeding for independent trespasses committed by the railroad company or its agents outside of the right-of-way.

2. DAMAGES, *Outside of Right-of-Way.* And therefore, in such a case where the land-owner offers evidence on the trial tending to prove that the railroad company went outside of the right-of-way appropriated by it, and excavated on other land of the land-owner, and used the earth taken therefrom in making its road-bed, and such evidence was admitted by the trial court over the objection and exception of the railroad company; *held*, error, although the objection and exception were general.

3. EVIDENCE, *Objected to — Rule — Exception.* It is a general rule that where evidence is objected to and no reason is given for the objection, the trial court may overrule the objection without committing error. But this rule has at least one exception, and that exception is this: where the reason for the objection to the evidence is so obvious that no one could mistake the reason, no reason need be stated.

*Error from Leavenworth District Court.*

THE material facts are stated in the opinion. Judgment for plaintiff *Usher*, on January 28, 1888, for $2,517.83 damages. The defendant *Company* brings the case to this court.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap*, for plaintiff in error.

*L. B. & S. E. Wheat*, for defendant in error.

The opinion of the court was delivered by

VALENTINE. J.: The proceeding in this case was an appeal by Linton J. Usher, plaintiff below, defendant in error, to the district court of Leavenworth county, from an award of commissioners condemning a right-of-way for the Leavenworth, Northern & Southern Railway Company over section 24, town-

ship 10, range 22, in said county. The case was tried before the court and a jury, and the jury returned a verdict in favor of the plaintiff below, Usher, and against the railway company, for $2,517.83. A motion for a new trial was made, and overruled, and judgment was rendered in accordance with the verdict of the jury; and to reverse this judgment the railway company brings the case to this court.

Some of the questions involved in this case are precisely the same as those involved in the case of the same *Railway Company v. Whitaker*, just decided, and the decision in that case will determine all the questions which are common to both.   There are other questions, however, in this case, which are not involved in that, which we shall now proceed to consider.

It appears from the record brought to this court among other things, as follows:

"The plaintiff also offered to prove that, in the construction of the railroad of the defendant, the railroad company had gone outside of the right-of-way appropriated, and excavated on the land of the plaintiff about two acres of ground, and used the earth to make a fill in grading its roadway; to the giving of which evidence the defendant objected, and the court overruled said objection and allowed said evidence to be given and to go to the jury, to which ruling the defendant at the time excepted; and thereupon said plaintiff testified to the jury that said defendant had excavated about two acres of his land outside of the right-of-way appropriated by the defendant, and used the earth in making this road-bed of the defendant."

The court also refused to give the following instruction to the jury, to wit:

"That in this action the plaintiff cannot recover damages for earth piled on his land outside of the right-of-way, or for earth taken from outside of the right-of-way in the construction of the road of the defendant."

We think the admission of the foregoing evidence was error, and material error. (*The State v. Armell*, 8 Kas. 288; *Reisner v. Union Depot & Rld. Co.*, 27 id. 382, 389; *C. K. & W. Rld.*

*Co. v. Grovier*, 41 id. 685; same case, 21 Pac. Rep. 779.) In the case of *Reisner v. Union Depot & Rld. Co.*, just cited, the following language was used, to wit:

"As to the two feet of ground alleged to have been taken outside of the condemned property, we think the court properly excluded any evidence of damages therefor. The appeal was from the determination of the commissioners as to the value of the land taken, and for all other damages connected with the appropriation of the portion of the lot so condemned. Beyond the limit of what was condemned, the company had no right whatever, and if it has used other portions of the lot of plaintiff, it is not a matter of inquiry upon an appeal from the condemnation. If the company has taken possession of any part of the lot beyond that which has been condemned, it is a trespasser thereon, and an action of ejectment may be prosecuted for its recovery, or an action for damages may be maintained for all wrongful acts done outside of the right-of-way acquired by the condemnation."

It is claimed however by Usher, that while the record shows that the defendant below objected to the foregoing evidence, no reason for the objection was stated, and therefore that the court below did not err in admitting the evidence. It is a general rule that where evidence is objected to and no reason is given for the objection, the trial court may overrule the objection without committing error. But this rule we think has at least one exception, and that exception is this: where the reason for the objection to the evidence is so obvious that no one could mistake the reason, no reason need be stated. In such a case both the adverse party and the court are bound to take notice of the reason. We think the present case falls within the exception. The objection in the present case is that the plaintiff was attempting to prove damages other than those occasioned by the railway company's procuring a right-of-way through his land. And the reason for such objection is obviously as follows: This is purely a condemnation proceeding, instituted, carried on, and conducted between the parties for the sole purpose of having the single question determined as to what is the amount of the loss or injury or damage which the land-owner sustains

by reason of the railway company's procuring a right-of-way for its railroad through his land; and in such a proceeding the land-owner can recover damages only for his loss occasioned by the procuring of such right-of-way. It is obvious in such a proceeding that the land-owner may recover full compensation for his loss in surrendering to the railway company a right-of-way, but he cannot recover in such a proceeding for independent trespasses committed by the railway company or its agents outside of the right-of-way. What other reason for the objection than this could be thought of or imagined? And this single reason is obvious and unmistakable; and we think the objection to the evidence was valid and sufficient. It is universally held in condemnation proceedings for the assessment of damages for the taking of a right-of-way for a railroad company, that the plaintiff has no right to recover damages for anything taken or done by the railroad company except what may be lawfully taken or done by the railroad company in the proper construction and operation of its railroad. For any wrongs committed by the railroad company inside or outside of the right-of-way, the plaintiff must recover in some other action or proceeding.

There are a number of other question presented in this case, but we hardly think that it is necessary to discuss them.

For the error above mentioned, the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.