48 | 235
---|---
50 | 727

</div>

THE HOME INSURANCE COMPANY v. D. W. MARSHALL *et al.*

1. MORTGAGE—*Loss by Fire—Payment Pro Tanto by Insurance—Evidence.* In an action to foreclose a mortgage, where the court finds that the plaintiff issued a policy of insurance to one of the defendants upon a dwelling-house situated upon mortgaged premises, and made the loss payable to the mortgagee, and that the mortgagee assigned the notes, mortgage and such policy to another, with the knowledge of the insurer, and that the property insured was totally destroyed by fire, of which the company had notice, and that it inspected the loss, and after such inspection, paid the amount of the policy to the assignee, and took an assignment of the notes, mortgage and policy to itself, *held*, that such findings are sufficient to show an indebtedness upon the part of the plaintiff to the defendant to an amount equal to the policy, and that such payment should be considered as a satisfaction *pro tanto* of the amount due on the notes and mortgage.

2. FINDINGS, *Supported.* The special findings of the court considered, and found to be supported by the allegations of the answer.

### *Error from Butler District Court.*

ACTION by the *Home Insurance Company* against *Marshall* and wife to foreclose a mortgage. From a judgment in its favor for only $103, the plaintiff brings error. The opinion states the facts.

*Edwin White Moore,* for plaintiff in error.

*Redden & Schumacher,* and *George Gardner,* for defendants in error.

Opinion by GREEN, C.: The plaintiff in error brought an action to foreclose a mortgage executed by D. W. Marshall and wife to the Equitable Trust & Investment Company to secure the payment of $800, dated February 1, 1886, due in five years. The notes and mortgage were assigned by the payee to the Massachusetts Mutual Life Insurance Company, and on December 27, 1887, assigned to the Home Insurance Company, the plaintiff below. The defendants below admitted the execution of the notes and mortgage, but alleged payment by the collection of an insurance policy of $800, which they were required by the mortgage to take out upon the building situated upon the mortgaged premises, which building they alleged had been destroyed by fire on the 13th of June, 1887; that the plaintiff in error, after it had received notice of the loss, sent an adjuster to inspect the same; and, for the purpose of defrauding the defendant in error out of the insurance, took an assignment of the notes and mortgage sued upon, including the policy of insurance. A jury was waived, and the court found in substance that the material allegations of the petition were true; that the sum of $800 and interest was due from the defendants upon the mortgage. The court then made the following findings in relation to the set-off claimed by the defendants:

"The court finds that the plaintiff issued to the defendant, Daniel W. Marshall, a policy of insurance on the dwelling-house situated on the mortgaged property for $800, for the term of five years, payable to the Equitable Trust & Investment Company, mortgagee, and assignor of the mortgage to the Massachusetts Mutual Life Insurance Company, and by said company assigned to plaintiff; that in June, 1887, the insured property was burned and totally lost, of which the plaintiff was notified, and by its agent and adjuster made an examination and inspected the affair, and afterward paid to the Massachusetts Mutual Life Insurance Company the amount of the policy, and took an assignment of the mortgage and of the insurance policy; that the plaintiff never adjusted this loss by fire with the defendant, Daniel W. Marshall, and on the 7th

day of September, 1888, commenced this suit to foreclose the mortgage."

The court found that the defendants were entitled to such a set-off as reduced the claim of the plaintiff to $103, and gave judgment in favor of the plaintiff for such amount.

It is first contended that there is no finding by the court that the plaintiff was ever indebted to the defendants upon the insurance policy, or that the policy found to have been issued was valid or in force at the time of the fire, or that any of the conditions of the policy which were necessary to make it the basis for a claim against the plaintiff were complied with by the insured. Was such finding necessary to fix the liability of the insurance company for the amount of the policy? The court did find that the property insured was destroyed by fire in June, 1887, and that there was a total loss of the property described in the policy; that the company had notice of such loss and inspected the same. The court also found that it paid to the Massachusetts Mutual Life Insurance Company the amount of the policy, and took an assignment of the mortgage and the insurance policy. How are we to regard this finding of the court? Is it not to be taken as a recognition of the policy by the insurer? Why should the insurance company pay the amount of the policy to the holder of the mortgage and policy unless the latter was valid? The rule has been stated in 2 Wood on Fire Insurance, § 452:

"In all cases where a party has an election, he will be bound by the course he first adopts, with full knowledge of all the facts; and any act that indicates that an election has been made, and that in any respect affects the rights of the other party, estops him from afterwards doing anything inconsistent with such election. Therefore, where an insurance company is in a position where it may be liable upon a policy or not, at its election, whenever it does an act that indicates that it has elected to treat the policy as the basis of a legal claim against it, it cannot afterward recede, if anything has been done of a decisive character indicating its election."

We think the finding of the court that the insurance

company paid to the holder of its policy the amount named therein clearly established the fact that it recognized the policy as a valid and subsisting obligation. The insurance company had no right to the full amount due upon the mortgage, after recognizing the validity of the policy. The insurance was collateral to the debt, and the amount paid upon the policy should have been applied as a payment upon the debt secured by the mortgage. Equity and fair dealing between the parties to this contract of insurance require that the insurer should be required to make such application, in accordance with the finding of the court.

The plaintiff in error contends that the special findings of the court are not based upon the allegations of the answer, and are therefore not sustained by the pleadings. The answer alleged, among other things, that the debt secured by the notes and mortgage sued upon had been paid. It then stated what had been done by the plaintiff in reference to the loss and the payment of the amount of the policy to the holder of the mortgage and policy. In a case not unlike this in some respects, it was decided by this court that where the jury had found that the mortgagee had received from the insurer and other companies a sum sufficient to pay off the bond and mortgage, it authorized a legal conclusion that the payment was in satisfaction of the note and mortgage, and not for the purposes of assignment. "In other words, the insurance company had obligated itself to pay the loss to the mortgagee; it did so, but instead of discharging the mortgage, it took an assignment of it and sought to enforce it. There can be no doubt but that the legal conclusion irresistibly follows the findings of the jury." (*Insurance Co. v. Smelker*, 38 Kas. 288.) The legal conclusion of the court was, that the payment of the policy by the company was *pro tanto* to be applied in satisfaction of the note and mortgage, and was not made for the purpose of an assignment. Under this view of the findings, they are clearly in accordance with the allegations of the answer.

We deem it unnecessary to notice the other assignments of

error, in relation to the introduction of the evidence. In some of them to which our attention is called, we find, upon an examination of the record, that no reasons are given for such objections. These we cannot consider unless the reasons are so obvious that they need not be stated. (*L. N. & S. Rly. Co. v. Usher*, 42 Kas. 637.)

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.

48  239
48  398

48  239
53  111

48  239
60  717

48  239
76  606

48  239
d82  325