## WOLCOTT v. SPRAGUE et al.

### (Circuit Court, D. Kansas. April 20, 1891, and April 11, 1893.)

### No. 6,597.

1. CIRCUIT COURTS—JURISDICTIONAL AMOUNT.

S. and his wife, who owned valuable real estate, gave a mortgage thereon to B., to secure a loan of $4,000. Thereafter they gave a deed absolute in form to the cashier of a bank to secure their note to the bank for $1,000. They then insured the buildings for $4,000 by policy containing the usual mortgage clause, which policy was delivered to B., the mortgagee. The buildings having been destroyed, B. sued on the policy, and to compromise the suit the insurance company purchased B.'s note and mortgage, paying the full amount, with accrued interest. Thereafter the bank cashier sued to foreclose his deed, making the insurance company, as well as the mortgagors, defendants. The insurance company filed a cross bill to foreclose the $4,000 mortgage which it had purchased. The defendant mortgagors and the complainant attacked the insurance company's mortgage on the ground that it was satisfied by the insurance money due under the policy. *Held,* that the amount in controversy was not limited to the $1,000 demanded in the complaint, but was the amount of the insurance company's mortgage and note, viz. $4,000, with interest.

2. DIVERSE CITIZENSHIP—ARRANGEMENT OF PARTIES.

In determining the citizenship of the parties as affecting the jurisdiction of the federal court, the plaintiff and the mortgagors should be arrayed against the insurance company, and, as the insurance company was a citizen of another state, the jurisdiction was sustained.

3. FIRE INSURANCE—TRANSFER OF INTEREST—CHANGE IN PERSON OF TRUSTEE.

Before issuing the policy the insurance company's agent was informed by the mortgagor that, subject to the mortgage and the deed to the cashier, he was the owner of the premises, and the agent also made an examination of the records. Subsequently the grantee of the deed ceased to be cashier, and made a quitclaim deed of the property to his successor, at the same time transferring the note secured. A loss occurred, and the proofs were made by the new cashier, instead of the person in whose name the policy was issued. *Held,* that the change in the person of the trustee did not operate to relieve the insurer from liability on the ground that the new trustee, instead of the original trustee, made the proofs of the loss.

In Equity. This suit was originally brought in a district court of Russell county, Kan., by Charles A. Wolcott, cashier of the First National Bank of Russell, against H. F. Sprague and wife and the Oakland Home Insurance Company, to foreclose a deed, which, though absolute in form, was given by said Sprague and wife to secure the payment of a note to the bank for the sum of $1,000. The insurance company filed a cross bill to foreclose a mortgage on the same property for the sum of $4,000, with interest, given by said Sprague and wife, prior to the date of the deed, to Charles Berrick, and by him assigned to the insurance company. Subsequently the insurance company removed the cause to this court, and the complainant and the two defendants the Spragues filed a motion to remand, and a plea in abatement to the jurisdiction, which were denied by Judge FOSTER April 20, 1891, who filed the following memorandum opinion.

E. F. Ware, for plaintiff.

H. G. Laing and U. B. Sutton, for defendants.

FOSTER, District Judge. In this case the amount in controversy as between plaintiff and the insurance company is not the $1,000 set out in plaintiff's bill of complaint. The plaintiff attacks the mortgage of the insurance company, which is for $4,000, and seeks to have it decreed, settled, and canceled. Under authority of Meyer v. Construction Co., 100 U. S. 457, the parties to the controversy should be arranged according to their interest in the subject-matter, and not as they appear on the record. So the plaintiff and the Spragues must be arrayed against the insurance company, for so their interests appear.

The motion to remand and plea in abatement are overruled.

Subsequently the cause was heard on its merits before Judge RINER, who, on April 11, 1893, filed the following opinion:

RINER, District Judge. This suit was originally brought in the state district court for Russell county (the petition being filed on the 9th day of April, 1890) to foreclose a deed which, although absolute in form, was given to secure the payment of a note due the First National Bank of Russell, Kan., and was, in effect, a mortgage. Gen. St. Kan. 1889, par. 3885. The defendant the Oakland Home Insurance Company, on the 12th day of May, 1890, filed a petition for removal in that court, which was denied. Thereupon, on June 21, 1890, defendant insurance company filed its answer in the state court. Subsequently, and on the 10th day of September, 1890, defendant insurance company filed a transcript of the record from the state court in this court. The complainant and the two defendants the Spragues filed motions to remand, and a plea in abatement to the jurisdiction, which were argued before Judge FOSTER in April, 1891, and the motions to remand and the plea in abatement were by him overruled and denied. Thereupon the parties obtained leave to recast the pleadings to conform to the equity practice in this court. The complainant having filed his bill, the defendants the Spragues filed answer thereto, and the defendant the Oakland Home Insurance Company filed an answer and cross bill. The complainant, in his bill, and the Spragues in their answer, again object to the jurisdiction of this court, and insist upon their right to have the case remanded to the state court, which is perhaps proper enough, in order to save their rights. Judge FOSTER having already passed upon that question in ruling upon the motions to remand and the plea in abatement, I must decline to again consider it here, and will dispose of the case, leaving the question of jurisdiction to be settled by the court of appeals.

Even if my own views were not in harmony with the views expressed by Judge FOSTER in his opinion, which is on file in the case, I would not feel at liberty to disturb the finding already made by him. Sitting as a district judge holding the circuit court, I do not feel called upon, and, indeed, do not think it would be proper for me, even if I differed in opinion, to disturb a ruling already made in the same case by another district judge sitting in the same capacity. Whether or not that ruling is right is, it seems to me,

a question to be considered either by a circuit judge or by the court of appeals.

Proceeding, then, to the merits of the case, it appears from the record that on the 21st of January, 1888, the defendant H. F. Sprague was the owner of lot 10, in block 77, in the city of Russell, Kan.; that upon this lot there was a two-story stone and brick building, which was of the value of $5,000; that on the date above mentioned the defendants H. F. Sprague and his wife made, executed, and delivered to one Charles Berrick a mortgage on the premises above described, to secure the sum of $4,000, loaned by Berrick to them. Upon the same day, but subsequent to the making and delivery of the mortgage to Berrick, the defendants H. F. Sprague and his wife made, executed, and delivered to one E. C. Haskett a deed to the same premises, subject to the mortgage to Berrick. At the time this deed was made and delivered to Haskett, Haskett was cashier of the First National Bank of Russell, and the defendants the Spragues were indebted to that bank in the sum of $1,000, for which they delivered their note to the bank, drawing interest at the rate of 12 per cent. per annum; and the deed to Haskett was made, executed, and delivered to him by the Spragues for the sole purpose of securing the payment of said note. Haskett, then being cashier of the bank, was acting as trustee and agent for the bank, and had no other interest in the transaction. On the 10th of March, 1888, the defendant H. F. Sprague applied to one E. T. Jones, then the duly-authorized and acting agent of the Oakland Home Insurance Company, defendant herein, for a policy of insurance in the sum of $4,000 upon the buildings located upon the ground heretofore described. Jones, under his agency, was authorized to solicit and effect insurance risks for the defendant company, and had in his possession blank policies of insurance signed and executed by the proper officers of the company, which policies became effective and in full force and binding upon the company when countersigned and delivered by Jones. At the time Sprague applied for this insurance he informed Jones that he was indebted to Berrick in the sum of $4,000 and interest, which was secured by the mortgage above mentioned; and that he was indebted to the First National Bank in the sum of $1,000 and interest, which was secured to the bank by the deed to Haskett, its cashier. He also stated to Jones that, subject to the Berrick mortgage and the deed to Haskett, he was the owner of the lot and the buildings thereon, and stated that he desired to effect an insurance upon the buildings in such form that, in case of loss, the Berrick mortgage would be first paid. He then went with Jones, at Jones' request, to the office of the register of deeds of Russell county, where Jones himself made an examination of the records. After completing the examination, Jones returned to his office, and there told Sprague that he would make out the policy as requested. By agreement between Jones and Sprague the policy of insurance was to be taken out in the name of Haskett, and was to have attached thereto the mortgage clause mentioned in the pleadings. Jones thereupon wrote up the policy, and delivered it to Haskett, from whom he received the sum of $40;

that being the amount of the premium on the policy. The $40 was advanced by the First National Bank for Sprague, and Sprague subsequently repaid the same to the bank. After Jones had delivered the policy to Haskett, Haskett forwarded the same to Charles Berrick, the mortgagee, at Buffalo, N. Y. On the 24th of July, 1888, Haskett ceased to be cashier of the bank, and the complainant in this case, Charles A. Wolcott, succeeded him as cashier. On that day Haskett executed and delivered to Wolcott an instrument in writing in the form of a quitclaim deed describing the premises as they were described in the deed from the Spragues to him, and wrote upon the back of the promissory note the words: "Transferred without recourse on me. E. C. Haskett." Wolcott received the quitclaim deed and note from Haskett as cashier of the First National Bank, and as such cashier was the successor in trust of said Haskett for the bank. On the 6th of February, 1889, the buildings insured were totally destroyed by fire. The value of the property so destroyed exceeded the amount of the insurance. Subsequently, and within the time limited by the policy, the complainant herein made and presented to the defendant the Oakland Home Insurance Company certain papers purporting to be proofs of loss by such fire, which are set out at length in the agreed statement of facts. The proofs so prepared by the complainant were returned to him with a letter, which is also set out at length in the agreed statement. On the 10th of May, 1889, which was within the six months limited by the policy for bringing suits for loss claimed thereunder, Charles Berrick, the mortgagee, commenced an action in the district court of Russell county, Kan., against the defendant insurance company to recover upon the policy. This case was subsequently removed to this court, where it remained pending until the 26th of November, 1889, when the defendant company purchased the note and mortgage from Berrick for the sum of $4,462.25, that being the full amount of principal and accrued interest. Berrick thereupon dismissed his action in the federal court, and assigned the note and mortgage to the defendant the insurance company, and delivered to it the policy of insurance, and said defendant company now has possession of the same, and attempts in its cross bill to foreclose the mortgage so obtained, without giving any credit thereon for the loss under the policy issued to Haskett and held by Berrick, the mortgagee, for whose benefit it was taken out.

The complainant and the defendants the Spragues contend that they have a right to have credited upon the Berrick note and mortgage, now held by the defendant insurance company, the amount of the insurance, viz. $4,000, with interest from the date when the same should have been paid by the company. On the other hand, the defendant company contends that the complainant is not entitled to have this credit made, and denies all liability upon the policy of insurance, claiming that no proofs of loss were made out as required by the contract, and that the time limited by the contract for bringing an action thereon, to wit, six months, has long since passed, and tenders back the proportionate amount of

the unused premium. It is shown by the agreed statement of facts that Jones, the agent who procured this insurance and delivered the policy, had authority to bind the company in respect to any insurance placed by him; hence his act must be said to be the act of the company, and his knowledge the knowledge of the company. It appears by the agreed statement that at the time he issued this policy of insurance in Haskett's name he was fully acquainted with the condition of the title to this property; that he knew that Haskett's relation to the transaction was that of trustee and agent for the bank, and that the sole purpose of procuring the insurance in Haskett's name for the benefit of Berrick, the mortgagee, was to make the indebtedness of the Spragues to the bank, for which he was trustee and agent, more secure.

The agreed statement further shows that he remained at Russell, as the agent of the company, for the period of six months after the buildings were destroyed by fire, which was more than a year after complainant had succeeded Haskett as cashier of the bank. He must, therefore, have known of that fact, the policy having been issued to Haskett with the full knowledge on the part of the company that he acted in the matter merely as trustee for the bank. I do not think that a change in the person of the trustee can operate to relieve the company from liability on the ground that the new trustee, instead of the original trustee, made the proofs of loss. The agreed statement shows that the property insured was destroyed by fire, and that it was a total loss, and that the company had notice of such loss, and that it subsequently paid to Berrick, the mortgagee, the amount of the policy, and took an assignment of the mortgage and insurance policy. This, I think, was a recognition of the validity of this policy by the insurer. The supreme court of Kansas in the case of Insurance Co. v. Marshall, 48 Kan. 235, 29 Pac. Rep. 161, where the facts were almost identical with the facts in the present case, in the opinion say:

"We think the finding of the court that the insurance company paid to the holder of its policy the amount named therein clearly establishes the fact that it recognized the policy as a valid and subsisting obligation. The insurance company had no right to the full amount due upon the mortgage after recognizing the validity of the policy. The insurance was collateral to the debt, and the amount paid upon the policy should have been applied as a payment upon the debt secured by the mortgage. Equity and fair dealing between the parties to this contract of insurance requires that the insurer should be required to make such application in accordance with the finding of the court."

See, also, Insurance Co. v. Smelker, 38 Kan. 288, 16 Pac. Rep. 735.

Neither do I think the objection that no suit was brought either by Haskett or the Spragues within the six months limited by the terms of the policy well taken. Under the terms of the policy the loss was payable to Berrick, the mortgagee, and neither the Spragues nor Haskett could maintain an action upon this policy until they could allege the payment of the mortgage given by the Spragues to Berrick. Under the mortgage Berrick was entitled to receive the full amount of the insurance money without any regard to the Spragues or to Haskett, and therefore the only person who

had a right to bring an action upon this policy, until the mortgage was satisfied, was Berrick, the mortgagee, who did, as shown by the agreed statement of facts, bring his action within the six months limited by the contract of insurance for bringing suits upon the policy. Insurance Co. v. Coverdale, 48 Kan. 446, 29 Pac. Rep. 682.

My own view is that a decree should be entered declaring the $4,000 received by Berrick on the policy of insurance to be a payment, as of April 6, 1889, of that amount on the note and mortgage given by the Spragues to Berrick, and that the cross complainant's (the insurance company's) mortgage, received by it from Berrick, be foreclosed for any balance of interest due thereon on the 6th day of April, A. D. 1889, and paid by it to Berrick, if said balance is not paid to it by the defendants the Spragues, or the complainant herein, within 60 days from the date of the decree; and that the complainant's mortgage be foreclosed (subject to the claim of the insurance company for any balance due it for interest paid as above stated) if the amount due the bank, for which the complainant is trustee, be not paid within 60 days from the date of the decree; and, in case of default in either or both cases, then the property covered by the mortgage shall be sold to satisfy these liens in the order stated; and it is so ordered.