No. 23,486.

S. G. BURROWS, *Appellee*, v. THE FARMERS ALLIANCE INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. INSURANCE—*Growing Wheat—Insured Owned One-third Only—Policy Covered All the Wheat—Total Loss—Right of Recovery.* Where an insurance company issues a policy of fire insurance on personal property knowing that it covers not only the value of the insured's interest therein but also the value of the interest of other parties in the property, and a loss occurs, the insured may maintain an action on the policy to recover for his own loss and also for the loss of the other parties for whose benefit the policy was written, notwithstanding neither they nor their interest were mentioned in the written application for insurance nor in the insurance contract.

2. SAME—*Total Loss—Compromise and Settlement Without Consideration.* Where personal property covered by insurance is totally destroyed by fire, and there was no defense to the company's liability for the full amount of the insurance, an agreement between the insurance company and the beneficiary that the latter should accept one-third of the amount due as full settlement for the company's liability was without consideration and not binding upon the insured.

3. INSURANCE—*Growing Wheat—Entire Crop Insured by One-third Owner in His Own Name—Total Loss—Rights of Joint Owners to Recover Under the Policy.* In an action to recover on a policy of fire insurance where the trial court has permitted the issues and the range of the evidence to be broadened far beyond the scope of the pleadings, so that the question whether there existed an interest of others than the plaintiff in the insurance contract which could and should be determined in the action, the rights of such other parties, if they existed, should be clearly defined in the instructions to the jury, and the jury should have been clearly instructed that the plaintiff could not recover in his own behalf a greater sum than the amount of his own loss.

4. SAME. The owners of a growing crop of wheat made a contract with plaintiff that he should have one-third of it upon condition that he harvest, stack, thresh and sell the other two-thirds for their benefit. When the wheat was harvested and stacked he was solicited by defendant's agent to insure it. He assented, explaining to the agent that he owned one-third of it, and told the agent of the interest of the other parties. The minimum insurance charge, $3, was the same whether the policy should cover only the one-third interest of the plaintiff in the stacked wheat, $200, or whether it covered the full value of all parties, $600. So the policy was written for $600. A total loss occurred. *Held,* that under proper pleadings (or on pleadings informally broadened) and upon sufficient proof of all the material issues, the plaintiff can maintain an action on the policy for the benefit of all concerned, but the amount for which he can recover judgment

in his own behalf is limited to the amount of his own loss, and if a re-covery is properly determined in behalf of the other part owners of the burned grain, that judgment for the amount of their loss should be sepa-rately ascertained and adjudged to them.

Appeal from Cherokee district court; FRANK W. Boss, judge. Opinion filed February 11, 1922. Reversed.

*S. H. Allen, Otis S. Allen,* and *George S. Allen,* all of Topeka, for the appellant.

*C. A. McNeill, E. V. McNeill,* and *Leo Armstrong,* all of Columbus, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff recovered judgment against the defendant on an insurance policy covering four stacks of wheat.

The wheat had been grown on land belonging to W. H. Smith and wife. These persons, desiring to go to California, made a contract with plaintiff that he should harvest, stack, thresh and sell two-thirds of the crop for their benefit, and that he should have one-third of the crop for these services. After harvest plaintiff obtained from defendant a policy of fire insurance covering the stacked grain. No mention of the two-thirds interest of the Smiths was made in the insurance contract. It was shown, however, by oral testimony that plaintiff explained to the defendant's local soliciting agent that he only owned one-third of the wheat, and that the Smiths had left it to him to decide whether their interest should be insured or not, and that the agent had told him that the minimum insurance charge was $3, which would be sufficient to insure not only the value of plaintiff's interest in the wheat, $200, but also to insure the interest of the Smiths, $400, so the policy was written for $600.

When the property burned and the defendant's adjuster learned that the plaintiff's interest was only one-third, he told plaintiff that since his interest in the property had not been truly and correctly stated in his written application for insurance he was not entitled to anything, and that he laid himself liable to criminal prosecution if he attempted to collect on the policy. However, the adjuster offered to settle in full for plaintiff's share of the loss, $200, and plaintiff agreed to accept this sum, but when the defendant's check for the agreed amount was mailed to him he returned it, and brought suit for the entire sum named in the policy, $600.

Judgment was entered in plaintiff's favor, and defendant appeals.

The first error assigned is based on the proposition that defendant

did not deny its liability to plaintiff for his own loss, but that he has no right to recover anything for the loss of Smiths' property. Defendant relies upon section 25 of the civil code, which provides that every action must be prosecuted in the name of the real party in interest.

A majority of this court disapprove this contention, and hold that since the defendant's agent was apprised of all the facts and induced the plaintiff to enter into the contract of insurance for the benefit of all concerned, he can maintain the action for the benefit of the Smiths as well as himself. (Civ. Code, § 27; *Shellberg v. McMahon*, 98 Kan. 46, syl. ¶ 2, 157 Pac. 268.)

It is next urged that the settlement was binding and that no fraud was established which vitiated that settlement. The jury made specific findings of fraud, which consisted of the statements of the adjuster narrated above, but these findings need not be considered since there was no consideration for the settlement. Defendant had agreed to pay $600 if the wheat stacks were burned. When this happened there was a liability of $600, and there was no consideration for its diminution nor for the agreement to accept $200 in satisfaction thereof. Therefore the settlement was not binding.

The third error assigned relates to the admission of evidence touching plaintiff's conversations with defendant's agent who solicited the insurance contract, but as the particular testimony objected to is not indicated in the brief of counsel, it cannot be considered.

More serious than any of the foregoing, however, are the defendant's objections to the instructions given to the jury. One of these reads:

"11. You are instructed that if, at the time of the making of the insurance policy herein sued upon, the defendant was informed and knew that the plaintiff was the owner of only one-third interest in the property covered by the insurance, and with that knowledge issued to him said policy, covering the whole of said property, and accepted the premium for the issuance of said policy, then in that event, in case of a loss by fire, the plaintiff would be entitled to recover the whole of the insurance up to the full value of the property insured."

This instruction is incorrect. No matter what plaintiff told the insurance solicitor touching the extent of his interest, or touching the extent of the Smiths' interest, public policy would not allow the plaintiff to recover for himself a greater sum than the value of his

own interest. One difficulty with this entire case was the extent to which the issues were permitted to be enlarged beyond the scope of the pleadings. For instance, there was no allegation that the action was brought for the benefit of the Smiths as well as the plaintiff, no allegation that the policy as written was a mistake and that the interest of the Smiths was to have been insured as well as that of the plaintiff, no allegation of any contractual obligation between plaintiff and the Smiths touching insurance or insurance proceeds, no allegation touching the Smiths' proof of loss or of waiver of that proof, and no allegation of plaintiff's agency for the Smiths. And yet evidence and circumstances from which most of these matters might be inferred were introduced, but even so, and assuming that it was the trial court's intention to permit the issues to be thus enlarged, yet there was and is about this case so much silence about important matters that should have been formally pleaded and proved, but which were not pleaded, and not proved with much precision, that it should have been made clear to the jury that plaintiff could not in any event recover for himself more than the amount of his own loss, and that if the policy was mutually designed between the parties that its terms should cover also the loss of the Smiths, a separate verdict for their loss should be returned. There must be a new trial, and it should proceed on the theory that plaintiff's action is for his own loss and for the loss of the Smiths, and if the facts warrant a recovery for both plaintiff and the Smiths, the respective sums to be recovered by plaintiff personally and for the Smiths should be found and adjudged separately.

Reversed, and remanded for a new trial.

JOHNSTON, C. J., and BURCH and DAWSON, JJ., dissent, holding that plaintiff could not maintain the action as the real party in interest under section 25 of the civil code, nor in a representative capacity under section 27; that plaintiff's only proper recovery was for the amount of his own loss, and as this had been tendered in full without litigation the plaintiff should be charged with the costs of the action; and that since there was no allegation and no satisfactory proof that the action was maintained for the benefit of the Smiths, that phase of the action should have been dismissed.