No. 24,391.  ·

Mary A. Ludlum, *Appellee*, v. The Northwestern National Insurance Company of Milwaukee, Wisconsin, (and Frances Turney), *Appellant*.

SYLLABUS BY THE COURT.

1. Fire Insurance—*Property Mortgaged—Action on Policy By Mortgagor—Mortgagee Made Party Defendant.*  In an action on a fire insurance policy covering mortgaged property it is of no concern to the insurer whether the mortgagor or mortgagee is named as plaintiff where the other is made a defendant and files a pleading.

2. Same—*Waiver of Notice and Proof of Loss—Demurrer to Evidence Properly Overruled.*  In an action upon a fire insurance policy it is held that reversible error was not committed in overruling a demurrer to the evidence which was based on the ground that although facts sufficient to establish waiver of notice and proof of loss had been testified to they had not been pleaded, no showing having been made that the defendant had actually

been·misled, and the petition having been amended to conform to the proof by the amplification .of allegations which it already contained.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed April 7, 1923. Affirmed.

*Eugene S. Quinton,* of Topeka, for the appellant.
*F. Dumont Smith,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: Mary A. Ludlum brought an action against the Northwestern National Insurance Company upon a fire insurance policy, and the defendant appeals from a judgment in her favor.

1. Frances Turney had a mortgage upon the insured property. The policy was issued to the plaintiff, but contained a clause reading: "Loss or damage, if any, under this. policy, shall be payable to Frances Turney as first mortgagee, as interest may appear." The defendant contends that its demurrer to the petition should have been sustained upon the ground that, inasmuch as the amount of the mortgage exceeded that of the insurance, the mortgagee was the only person who could sue upon the policy. Reliance is placed upon *Insurance Company v. Coverdale,* 48 Kan. 446, 29 Pac. 682, as sustaining this contention. In that case, however, the policy was made payable to the mortgagee absolutely, neither the words "as interest may appear" nor any equivalent phrase being used, a difference which was noted in *Bank v. Insurance Co.,* 91 Kan. 18, 23, 137 Pac. 78. There is.much apparent and some real conflict of judicial opinion as to whether the mortgagor or mortgagee is the proper or necessary plaintiff in an action on a policy insuring mortgaged property. (26 C. J. 484; 14 R. C. L. 1427, 1428.) And the matter has been held to be affected by the presence or absence of the phrase "as his interest may appear." (*Staats v. Insurance Co.,* 57 W. Va. 571, annotated in 4 Ann. Cas. 541.) Whatever may be the rule in any other situation, the defendant in the present case has suffered no possible prejudice from. the action having been brought by the mortgagor, because the mortgagee was made a party defendant and filed an answer claiming the proceeds of the policy. The defendant was therefore abundantly protected against any possibility of a further claim. Moreover, before the trial was had the mortgage was fully paid and released of record. Regardless of whether the action should or could have been brought in the name

of the mortgagee, for this court to order a reversal because the mortgagor was named as the plaintiff, when both were in court and bound by the judgment, would be to sacrifice substance to form.

2. The case was tried without a jury. The defendant demurred to the plaintiff's evidence, the demurrer was overruled, the defendant stood upon the demurrer, and judgment was rendered for the plaintiff. Complaint is made of the overruling of the demurrer on the ground that while the petition alleged the plaintiff's full performance of all the requirements of the policy no evidence had been produced of giving notice or furnishing proof of loss, and while there was evidence sufficient to sustain a finding that such notice and proof had been waived, no waiver had been pleaded.

The majority view, acquiesced in by this court, is that allegations of the giving of notice and furnishing proof of loss will not support evidence of their having been waived. (26 C. J. 497, 498.)

The case was submitted on the demurrer to the plaintiff's evidence and taken under advisement on June 25, 1920, the defendant announcing that it would not introduce any evidence, but would stand upon the demurrer. On August 24, 1920, while the matter was still under advisement, the plaintiff asked, and over the objection of the defendant was given, permission to amend the petition to conform to the proof by alleging facts in relation to such waiver, the defendant being given ten days to plead thereto, with leave to both parties to introduce further evidence if desired. The amendment was made September 2, 1920. The demurrer to the evidence was overruled March 28, 1922.

The following are the allegations inserted in the petition by the amendment:

"That J. C. Burnett of Emporia, Kansas, was the local agent for the defendant insurance company, was familiar with the location and character of the said property and had, as such local agent, written the policy of insurance, copy of which is attached to plaintiff's original petition. That immediately after the occurrence of said fire, the plaintiff orally notified the said J. C. Burnett of the occurrence of said fire and requested him to inform the defendant insurance company; that the said J. C. Burnett did fully inform the defendant insurance company of the occurrence of the said fire, and thereafter and within a short time the defendant insurance company, having received full notice, sent its duly authorized agent and adjuster, one Carl N. Hiefeldt, to examine the property and ascertain and settle the loss thereon, and the said Hiefeldt came to Emporia, examined the said property and did attempt to settle with the plaintiff. That by agreement of the parties, one Kiefer, a qualified builder and contractor of Emporia, Kansas, was employed

to make an estimate of the loss and damage, which the said Kiefer did, and submitted the same to the agent of the defendant insurance company; that the said agent refused to agree to the actual amount of the loss and damage, or to the estimate made by the said Kiefer, and claimed that the loss did not exceed $880, of which one-half only would be due from the defendant insurance company; and thereupon refused to settle said loss or adjust the same, or pay the plaintiff anything on account thereof, and ever since has so refused. That the said defendant insurance company did not make any demand in writing for arbitration, but wholly breached and rejected the said contract of insurance."

The original petition contained these paragraphs:

"That after the loss and damage by fire as above recited, the said defendant, The Northwestern National Insurance Company of Milwaukee, Wisconsin, sent its duly authorized agent and adjuster, one Carl N. Hiefeldt, to examine the property and estimate and settle the loss thereon and thereto and the said Carl N. Hiefeldt did come to Emporia, Kansas, and did examine the property and estimated the damage and the loss caused thereto by said fire and talked about settling with this plaintiff for said loss.

"That said defendant, The Northwestern National Insurance Company of Milwaukee, Wisconsin, acting through said agent and adjuster, and this plaintiff could not agree upon the amount of damage caused to said property by said fire, the company claiming that the property was only damaged to the amount of $880.

While the original averments are lacking in detail they do set out in general terms the sending out by the defendant of an adjuster, who discussed a settlement with the plaintiff, the negotiations resulting in a disagreement concerning the amount of the damage. We think the essential portions of the amendment may fairly be regarded as merely an expansion and amplification of the matters already pleaded.

It does not appear that the defendant in fact was in any way hampered in its defense by the evidence that was introduced or by the amendment that was made. It did not avail itself of the opportunity to introduce further evidence which was expressly extended to it at the time leave to amend was given. The statute provides:

"No variance between the allegations, in a pleading, and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just." (Civ. Code, § 134.)

Ludlum v. Insurance Co.

No showing seems to have been made as to the respect in which the defendant was misled by the variance, or that he was actually misled at all, nor does it appear likely from the record that such was the case.

In *Insurance Co. v. Johnson,* 47 Kan. 1, 27 Pac. 100, a reversal was ordered because of the reception of evidence of a waiver which had not been pleaded, but there the trial court had refused to allow an amendment. In one case cited by the defendant (*Gillett v. Insurance Co.,* 53 Kan. 108, 36 Pac. 52) the trial court rejected the evidence offered upon matters not pleaded, and in another (*Palmer v. Blodgett,* 60 Kan. 712, 57 Pac. 947) refused to make a finding in accordance with it.

The judgment is affirmed.

---

OPINION OVERRULING MOTION FOR REHEARING.
(Filed May 19, 1923.)

We held in this case that an action upon a fire insurance policy issued to the owner of the property but containing a clause making the loss, if any, payable to a mortgagee as interest might appear, was properly brought in the name of the owner as plaintiff, and that the insurance company has no just cause of complaint on that account, where the mortgagee was made a defendant and filed a pleading. In a motion for a rehearing the company urges that this view is inconsistent with *Stamey v. Assurance Co.,* 93 Kan. 707, 150 Pac. 227, 96 Kan. 99, 150 Pac. 227, where a mortgagee was allowed to recover upon a policy notwithstanding no recovery could have been had by the mortgagor, it being said in effect that the mortgage clause created an independent contract for the benefit of the mortgagee ingrafted upon the main contract. The contract with the mortgagee in this case, as in that, is so far independent of the one with the mortgagor that the rights of the mortgagee would not be affected by conduct of the mortgagor which might bar a recovery by him; but the contract with the owner and that with the mortgagee are not wholly disconnected. The mortgagor is interested in the payment of the insurance even if it is made to the mortgagee, since it discharges his debt if he is personally liable, and in any event releases the property from the lien. (26 C. J.

22—113 KAN.

441.) In the present case the advantage to the plaintiff would obviously have been the same whether the payment were made to her or to the mortgagee, for the mortgage was paid before the trial was had.

In the motion for a rehearing it is said that the company never knew or heard of any order after the submission permitting it to plead or introduce evidence; that "none appears in the abstract of record and is only referred to reminiscently in the final judgment of the court." The order is shown in the journal entry in the counter abstract. It was a part of the same order in which an amendment of the petition was allowed, and the papers in an appeal by the defendant from that part of it, including a copy of the entire order, which contained only about a hundred words, were filed in this court April 13, 1921. This shows an opportunity for actual knowledge of the contents of the order at least that early. As judgment was rendered March 28, 1922, there was a sufficient interval in which to offer further evidence.

Other matters presented have been considered but are not regarded as requiring a rehearing, and the motion is overruled.