No. 30,355.

F. A. Brookings, W. H. Brookings and E. R. Brookings, *Appellees*, v. The American Insurance Company, *Appellant* (The Central Trust Company, *Appellee*).

(7 P. 2d 111.)

Opinion filed January 30, 1932.

*John W. Adams*, of Wichita, for the appellant.

*E. L. Foulke, Roy H. Wasson* and *Eli Eubanks*, all of Wichita, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: This is an appeal by a fire insurance company from a judgment rendered against it on one of its policies. The appeal mainly involves the sufficiency of the petition and the proof thereunder.

The two points specially urged by the appellant are: first, that

plaintiffs are not the owners of the cause of action nor the real parties in interest, nor entitled to recover; and second, that the plaintiffs and the mortgagee failed to comply with the conditions precedent of the policy necessary to a recovery. The insurance company filed a demurrer to the petition, which was overruled. It then answered by general denial and at the close of plaintiff's evidence demurred thereto. The trial court overruled the demurrer to the evidence, and the defendant insurance company stood upon its demurrer and appealed.

The petition was filed January 14, 1931, alleging the total loss and destruction by fire on October 9, 1930, of the building insured in the names of the plaintiffs. It attached a copy of the policy for $2,500 with all of its conditions as a part of the petition and alleged "that the plaintiffs have done and performed all things required of them in regard to said insurance and performed all conditions precedent required of them." The petition further alleged the existence of a mortgage upon the property involved in favor of the Central Trust Company of Topeka, Kan., the attachment of the usual mortgage clause to the policy, concluding with the words "as their interest may appear," and the failure, neglect and refusal of the insurance company to pay said loss upon repeated requests of the plaintiffs so to do. The Central Trust Company was made a party defendant and filed its answer admitting it was the holder of the policy involved, with the usual mortgage clause attached, by virtue of its being the owner and holder of a mortgage executed by the plaintiffs on the property described in the policy for an indebtedness of $16,000, which had been reduced to $13,000, and claimed its rights under the mortgage clause, but with reference to the allegations of the petition as to the loss and destruction of the property by fire and the performance of the conditions precedent to the right to recover, the answer stated it was not advised and therefore requested strict proof. The denials contained in the answer of the defendant insurance company to the plaintiffs' petition are as follows:

"First: That it denies each and every allegation contained in the plaintiffs' petition, not hereinafter expressly admitted; and denies that the said plaintiffs have done and performed all things required of them in regard to said insurance and performed all conditions precedent required of them; and this defendant further alleges that no cause of action had matured before the commencement of this action.

"Second: This defendant alleges that under the terms and provisions of

the policy herein sued on, and the mortgage clause therein, that the plaintiffs are not the real parties in interest in this action so as to recover a judgment against this defendant if liability exists; that the same, if any liability exists, would exist in favor of the defendant herein, the Central Trust Company."

And to the answer and cross petition of the Central Trust Company, the denials are as follows:

"First: That it denies each and every allegation contained in the answer and cross petition of the Central Trust Company.

"Second: That no correct proof of loss has ever been made setting forth the true facts required in such proof of loss before an action on said policy would be sustainable.

"Third: That no cause of action had matured before the commencement of this action or the filing of the answer and cross petition herein."

On the first contention of the appellant, that the plaintiffs are not the real parties in interest, the owners of the cause of action, nor entitled to recover on the policy, the cases of *Insurance Co. v. Coverdale,* 48 Kan. 446, 29 Pac. 682, and *Wolcott v. Sprague,* 55 Fed. 545, are cited and urged as determinative of this point. In the first case above cited the mortgagee was not made a party to the action and the mortgage clause was not the usual one, but constituted a complete assignment and transfer of the policy. This unusual assignment to the mortgagee was mentioned by the court in the case of *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78, on page 23, as follows:

"In the Coverdale case the loss, if any, was made payable to the mortgagee in general terms, not merely as its interest should appear."

And again in the case of *Ludlum v. Insurance Co.,* 113 Kan. 333, 334, 214 Pac. 619, as follows:

"The defendant contends that its demurrer to the petition should have been sustained upon the ground that, inasmuch as the amount of the mortgage exceeded that of the insurance, the mortgagee was the only person who could sue upon the policy. Reliance is placed upon *Insurance Company v. Coverdale,* 48 Kan. 446, 29 Pac. 682, as sustaining this contention. In that case, however, the policy was made payable to the mortgagee absolutely, neither the words 'as interest may appear' nor any equivalent phrase being used, a difference which was noted in *Bank v. Insurance Co.,* 91 Kan. 18, 23, 137 Pac. 78."

The Wolcott case was an insurance case covering property in Russell county, Kansas, where it was held by the federal court that under the terms of the policy the loss was payable to the mortgagee only, which was followed by the reference to the Coverdale case.

The exact words of the mortgage clause are not given, as this feature of the case had reference only to the time of commencement of proceedings by the right party.

Appellant also cites in the same connection the case of *Burrows v. Insurance Co.*, reported in 110 Kan. 458, 207 Pac. 431, and 111 Kan. 358, 207 Pac. 431, where it was held on a rehearing that a tenant was not the real party in interest as to the landlord's two-thirds interest in a stack of wheat that had been destroyed by fire after he had insured it all when he was insuring his own undivided one-third interest therein simply because he could do so in his own name at the same minimum expense or premium. There was no question of mortgage in that case, but simply the plain fact that he owned only one-third of the property insured and he was permitted to collect one-third the loss.

But the exact question before us has been determined by this court in a case exactly like the one at bar, namely, *Ludlum v. Insurance Co.*, 113 Kan. 333, 214 Pac. 619, where it was said:

"In an action on a fire insurance policy covering mortgaged property it is of no concern to the insurer whether the mortgagor or mortgagee is named as plaintiff where the other is made a defendant and files a pleading." (Syl. ¶ 1.)

The plaintiffs in the instant case alleged they were the owners of the property, made the mortgagee a party defendant in the action against the insurance company and set up the assignment of the mortgage to the mortgagee with the usual clause, as its interest may appear. And further, the mortgagee entered an appearance and filed an answer. There can be no question as to the plaintiffs being the real parties in interest, the owners of the cause of action and entitled to maintain the action against the insurance company.

The second point urged by appellant concerns not only the pleadings but the proof. The essential portions of the pleadings have been set out above, and the proof was limited to a complete description of the property insured, its location, the use to which it was devoted, and its total loss and destruction by fire on October 9, 1930.

It is not claimed, and certainly cannot be successfully claimed, that the two special denials of the answer of the insurance company to the petition amount to more than a general denial, but it is rightly claimed that the answer of the insurance company to the answer and cross petition of the Central Trust Company contains one allegation further than a general denial and attempts to put in

issue the general allegation of the plaintiffs that they have done and performed all things required of them and all conditions precedent, by alleging that no correct proof of loss had been made as required before action could be sustained on the policy. This is necessarily different from the third denial in that answer, which also in substance appears in the answer of the insurance company to the plaintiffs' petition, and is so general in terms that it cannot be held to apply to any one of the many requirements set out in the policy to be done and performed before action on the policy can mature. The reason for a specific denial of the performance in the answer to the pleading of the trust company and not in the answer to the petition is not apparent. But the fact remains that in the answer to the plaintiffs' petition no specific item in the long list of requirements to be done and performed was controverted except by general denial. R. S. 60-743 provides that—

"In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish, on the trial, the facts showing such performance."

Under the authority of this statute and the state of the pleadings it was not necessary for the plaintiffs to introduce any proof whatever as to the performance by them of any of the many conditions precedent because their allegation of performance was not controverted as to any one of such conditions or requirements. Appellant strenuously contends that its general denial controverted all of them and placed the duty and burden upon the plaintiffs to establish them by proof. This is not the rule or practice in code states with statutes like the one above quoted, which has been in force and use in this state since 1868.

Two Kansas cases cited by appellant had entirely different pleadings from those in the case at bar. In the case of *Insurance Co. v. Ross*, 48 Kan. 228, 28 Pac. 469, there was no general averment in the petition as to performance of precedent requirements, but the petition alleged that plaintiff had promptly notified the company of the loss and had proffered proof of loss, and it was held that as there was a total failure to prove the loss the demurrer to the evidence should have been sustained.

In the case of *Insurance Co. v. Coverdale*, 9 Kan. App. 651, 58 Pac. 1029, the petition contained the general allegations of performance, but the answer specifically denied the giving of any notice or

furnishing of any proof of loss. On the trial there was no evidence produced by plaintiff as to notice or proof of loss, and it was held the plaintiff could not recover.

In the case of *Insurance Co. v. Heckman*, 64 Kan. 388, 67 Pac. 879, it was said—

"The petition averring a total loss, it was not incumbent upon plaintiff to allege or show any compliance with the conditions of the policy pleaded providing for an appraisement of the amount of the loss. Nor was it necessary to plead or show an excuse for noncompliance. These conditions might be wholly ignored." (p. 390.)

The case of *Kahnweiler v. Phenix Ins. Co.*, 67 Fed. 483, was an action upon a fire insurance policy on a stock of goods at Lawrence, Kan., destroyed by fire and tried and determined in the federal court, and it was there said on this subject—

"At the threshold of this case we are confronted with some questions of pleading and practice. In pleading the performance of a condition precedent, under the code system, it is not necessary, as it was at common law, to state the facts showing such performance, but it is sufficient to state generally 'that the party duly performed all the conditions on his part; and, if such allegations be controverted, the party pleading must establish on the trial the facts showing such performance.' (Gen. St. Kan. 1889, § 4205.) The policy in suit contains the usual conditions in such policies with reference to notice and proofs of loss, etc., and declares that 'until such proofs, plans and specifications, declarations and certificates are produced by the claimant, and such examinations and arbitrations permitted and had, the loss shall not be payable.' The plaintiffs' complaint made the policy in suit a part thereof, and contained the averment that the plaintiffs had 'performed all the conditions of the said policy on their part.' The only answer to this allegation of the complaint was a general denial. Assuming for the present that the obtaining of an award was a condition precedent to the right of the plaintiffs to maintain their action, did this general denial put in issue the allegation that the plaintiffs had complied with that condition of the policy? In other words, was the general allegation of due performance properly 'controverted,' within the meaning of the Kansas code? We think it is clear that it was not. If the defendant intended to rely upon the nonperformance by the plaintiffs of one or more of the numerous conditions of the policy, it should have pointed them out, specifically, and alleged their breach. In no other way could it be known to the parties or the court what issues were to be tried. Under the code, when a defendant relies upon a breach of a condition precedent in a contract as an excuse for not performing the contract on his part, he must set out specifically the condition and the breach, so that the plaintiff and the court will be advised of the issue to be tried." (p. 485.) (See, also, *Gridler, &c., v. Farmers and Drovers' Bank*, 75 Ky. 333, *Preston v. Roberts, &c.*, 75 Ky. 570, 583, under Kentucky code, and *Philip Schneider Brewing Co. v. American Ice-Mach. Co.*, 77 Fed. 138, under Colorado code.)

An adherence to the views expressed in these rulings and the plain and reasonable interpretation of our statute, above quoted, as to pleading compliance and performance with preceding conditions and requirements compels the conclusion that the petition of plaintiffs was sufficient as against a general demurrer and that there was no necessity of proof being furnished by the plaintiffs as to such performance of conditions precedent when none was specifically controverted, and therefore the demurrer to the plaintiffs' evidence was properly overruled.

Some authorities are cited by appellant as to pleading and proving waiver, and appellee also urges some features or elements of waiver on the part of appellant, but waiver is nowhere mentioned in the pleadings, either directly or indirectly, and it is therefore not properly a determining factor in this case.

The defendant insurance company also demurred to the evidence of the defendant mortgagee, which demurrer the trial court overruled. The Central Trust Company, the mortgagee, introduced no evidence whatever, yet the testimony of the plaintiffs naturally supported its claim, and under the ruling in the Ludlum case, *supra*, this feature is quite immaterial, as the essential part of the action as to the mortgagee and plaintiffs' right to maintain the action is to make the mortgagee a party defendant and that an answer be filed by it.

The appellant criticizes the requirement contained in the journal entry, said to have been inserted by agreement of plaintiffs and mortgagee, that the judgment be paid to the clerk of the court and the money be withdrawn only on order of both the mortgagee and the plaintiffs. We think this order inures to the benefit and protection of the insurance company and shields it from the danger, expressed in the argument on the first proposition in this case, of its being maintained by the wrong parties and the risk of having to pay the claim a second time.

We find no error in the overruling of the motion for a new trial.

A mistake is conceded in the calculation of interest, which can under such circumstances be corrected without an order from this court. Otherwise, the rulings, orders and judgment are approved.

The judgment is affirmed.