THE CONTINENTAL INSURANCE COMPANY, OF NEW YORK, v. DENNIS WARD.

1. INSURANCE — *Severable Contract.* Where a policy of insurance is so written as to place separate valuations upon different subjects of insurance, the contract is severable, and a breach of the contract only affects the insured property which is the immediate subject of the act of alienation.

2. ———— *Change of Title.* A change of title by which the contingent interest of the insured to property becomes absolute will not defeat the insurance.

*Error from Franklin District Court.*

ACTION by *Ward* against the *Continental Insurance Company*, of the city of New York, on a fire-insurance policy. Judgment for plaintiff, at the October term, 1889. Defendant *Company* brings error. The facts appear in the opinion.

*John W. Deford,* for plaintiff in error:

The court, in its charge to the jury, made a new contract for Ward, better than he made for himself. He agreed that, if he made any false statement, the whole policy should be void; the court, nevertheless, reduced that agreement merely

to this—that in such case the policy should be void in part only. The court, to say the least, should have left it to the jury to say whether the incumbrances on barn No. 1 did not, under the peculiar circumstances surrounding the case, affect the risk and avoid the policy on the movables.

This contract was and is, I submit, annulled, if not by the original false statement as to the incumbrances on the land, at any rate by the mortgage to Maxey & Whetstone, the commencement of the foreclosure suit, the deed to Mrs. Ward, and the chattel-mortgage sale, even within the doctrines of *Merrill v. Insurance Co.*, 73 N. Y. 452. And see *Meadows v. Insurance Co.*, 62 Iowa, 387; *Ellis v. Insurance Co.*, 61 id. 577; Mayton, Ins., §§ 275–279; Sansum's Ins. Dig., p. 667; *McGowan v. Insurance Co.*, 54 Vt. 211, or 41 Am. Rep. 843; *Ætna Co. v. Resh*, 44 Mich. 55, or 38 Am. Rep. 229, (which case contains the true doctrine, and we ask the court's special attention to it, and to the note in 38 Am. Rep. 230;) *Mc-Queeney v. Insurance Co.*, 52 Ark. 257, or 20 Am. Rep. 179.

The court should have granted defendant's request in regard to the chattel mortgage to Maxey & Whetstone. *Packard v. A. M. F. I. Co.*, 2 Gray, 334. See, also, *Geiss v. Insurance Co.*, 123 Ind. 172.

*C. E. Latchem*, and *C. A. Smart*, for defendant in error:

It is submitted that Ward's representation in his application for insurance, that the real estate was incumbered to the amount of $800, when in fact the incumbrance was largely in excess of that amount, did not render the policy void as to each article insured under such policy. *Insurance Co. v. York*, 48 Kas. 488; same case, 29 Pac. Rep. 586.

It is submitted that the policy is divisible, and that the trial court committed no error in its instructions to the jury that acts of the insured which rendered the policy void as to the realty would not avoid it as to the personalty. *Loehner v. Insurance Co.*, 17 Mo. 252; *Koontz v. Insurance Co.*, 42 id. 126; *Insurance Co. v. York*, supra.

Before the property was offered for sale under the chattel

mortgage, Mr. Ward had only a contingent interest and a defeasible title; after it had been offered for sale and he purchased it, he had an absolute title, his interest in the personal property was increased, and he would be less liable to desire its destruction by fire; the risk was therefore diminished. 39 Am. Dec. 547; 85 id. 558; 21 Iowa, 190; 16 Am. Rep. 447; 13 Fed. Rep. 250.

Opinion by GREEN, C.: This was an action instituted by Dennis Ward in the district court of Franklin county, upon a policy of insurance against fire issued by the Continental Insurance Company, of New York, for $2,500, distributed as follows: $150 on barn No. 1; $200 on wagons, buggies, harness, robes, and saddles, while on premises of assured; $300 on stallion "Bashaw;" $300 on a jack, and $1,300 on horses, mules, and colts; $250 on cattle, while in barn and on the farm, and against lightning on or off the premises. The fire destroyed barn No. 1, the stallion, jack, and some other personal property, covered by the policy, in the barn. The plaintiff asked judgment for $850. A trial was had by the court and a jury, which resulted in a judgment in favor of the plaintiff for $518.70 for the personal property destroyed. The court instructed the jury that there could be no recovery for the loss of the barn, because foreclosure proceedings had been commenced and prosecuted until the plaintiff had been divested of all title to the same.

Certain questions were asked and answered in the application for the insurance by the insured, as follows:

"Have you a warranty deed to the land herein described and referred to? Ans. Yes.

"Is the land incumbered? A. No.

"If so, what amount? A. $800.

"When due? A. 1887."

As to the incumbrance upon the personal property, there was no answer. It seems from the evidence that the land was incumbered for more than $800. The personal property was also incumbered. The agent taking the policy, however, had

knowledge of such incumbrance. After the policy of insurance had been issued, and before the fire, the holder of the chattel mortgage sold the property under the mortgage, and the property which was afterward destroyed by the fire was bid in by the plaintiff.

The only question presented is the liability of the insurance company for the loss of the personal property. The trial court said, among other things, to the jury: "I hold further, gentlemen, that as the policy itself specifies certain separate amounts, upon different classes of property, it is divisible, and the fact that the policy was void as to the barn does not make it void as to the personal property." This the plaintiff in error insists was erroneous; that the court should have told the jury that the policy was void *ab initio*. This court in a very recent case has held, that where separate valuations have been placed upon different subjects of insurance, the contract is severable. (*Insurance Co. v. York*, 48 Kas. 488.) Upon the authority of that case and the cases there cited, the instruction was proper.

The contention of the plaintiff in error that the policy was annulled, if not by the false statements as to the incumbrance upon the land, at any rate by the giving of a mortgage upon the personal property, is not tenable, because the agent taking the application and consummating the contract of insurance must have known the real condition of the title or ownership of the chattel property. (*Insurance Co. v. Barnes*, 41 Kas. 161; *Am. Cent. Ins. Co. v. McLanathan*, 11 id. 533.)

It is contended that the sale of the insured personal property under the chattel mortgage to the plaintiff avoided the policy. We fail to see wherein the risk was increased. Before the sale the plaintiff only had a contingent interest in the property; after the sale his title became absolute. A change of title which increases the interest of the insured, whether the same be by sale under judicial decree or by voluntary conveyance, will not defeat the insurance. (*Bailey v. Am. Cent. Ins. Co.*, 13 Fed. Rep. 250; *Esch Bros. v. Home Ins. Co.*, 78 Iowa, 334; *Bell v. Insurance Co.*, 39 Am. Dec. 542.)

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.