JOHN L. DODGE v. THE HAMBURG-BREMEN FIRE INSURANCE COMPANY.

No. 114.

1. INSURANCE — *Interest of Mortgagee — Change of Title.* When a loss of insured property occurs according to the terms of the policy, and the insurance policy has attached to it a subrogation contract which stipulates that the loss, if any, is payable to a mortgagee or his assigns, as his interest may appear, the owner of the mortgage is the insured to the extent of his interest, and a change of title which increases his interest in the insured property, even to absolute ownership, will not release the insurance company from its liability to pay the loss.

2. ——— *Change from Lien-holder to Absolute Owner.* A change in the title of insured property which increases the interest of the insured from a lien-holder to absolute ownership is not such a change of ownership as requires notice to be given to the insurance company under the terms of a subrogation contract which stipulates that the mortgagee shall notify the insurance company of any change of ownership.

MEMORANDUM.—Error from Sedgwick district court; C. REED, judge.   Action by John L. Dodge against The Hamburg-Bremen Fire Insurance Company to recover on a policy of fire insurance.   Judgment for defendant.   Plaintiff brings the case to this court. Reversed.   The opinion herein, filed September 5, 1896, states the material facts.

*Bentley & Hatfield,* for plaintiff in error; *Holmes & Haymaker,* of counsel.

*Bentley & Ferguson,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: Mrs. Flora Cowley was the owner of a lot upon which was situated a house and barn, upon which she procured a loan from the Sedgwick Loan and Investment Company, and she and her husband executed to said company a mortgage thereon. She also procured a policy of insurance upon said house and barn from the agents of this defendant in error in Wichita, Kan., which had attached to it the following subrogation contract:

"Policy No. 963, in name of Flora Cowley. Agency at Wichita, Kan.

"Loss, if any, payable to Sedgwick Loan and Investment Company, mortgagee or trustee, or its assigns, as its interest may appear as herein provided.

"It being hereby understood and agreed, that this insurance, as to the interest of the mortgagee or trustee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy: Provided, That the mortgagee or trustee or assigns shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on this policy: And provided further, That every increase of hazard not permitted by the policy to the mortgagor or owner shall be paid for by the mortgagee or trustee or assigns on reasonable demand, and after demand made by this company upon, and refused by the mortgagor or owner to pay, according to the established schedule of rates.

It is, however, understood that this company reserves the right to cancel this policy as stipulated in the printed conditions in said policy; and also to cancel this agreement on giving 10 days' notice of their intentions to the trustee or assigns or mortgagee named therein, and from and after the expiration of the said 10 days this agreement shall be null and void. It is further agreed, that in case of any other insurance upon the property hereby insured, then this company shall not be liable under this policy for a greater proportion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property issued to or held by any party or parties having an insurable interest therein. It is also agreed, that whenever this company shall pay the mortgagee or trustee or assigns any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor exists, it shall at once, and to the extent of such payment, be legally subrogated to all the rights of the party to whom such payments shall be made, under any and all securities held by such party for the payment of said debt. But such subrogation shall be in subordination to the claim of said party for the balance of the debt so secured; or said company may, at its option, pay the mortgagee or trustee or assigns the whole debt so secured, with all the interest which may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made an assignment and transfer of said debt, with all securities held by said parties for the payment thereof. The foregoing provisions and agreements shall take precedence over any provision or condition conflicting therewith, contained in said policy. This clause is attached to and is made a part of the said policy from the 9th day of January, 1890. In witness whereof, the duly authorized agent of said insurance company has hereunto set his hand on said day.

CALDWELL &amp; FELLOWS,

*Agents Hamburg-Bremen Insurance Company, of Germany.*"

Dodge commenced this action to recover upon said insurance policy. The answer was a general denial. The case was tried by the judge without a jury, upon the following agreed statement of facts :

"It is, hereby stipulated and agreed between the parties to this action, that the above-entitled cause may be tried in the court without a jury, and that the court may render judgment upon the pleadings filed herein, and the following facts which are hereby agreed to :

"That the defendant, Hamburg-Bremen Fire Insurance Company, is a corporation organized under the laws of Germany and duly authorized to and is transacting business in the state of Kansas as an insurance company ; that on the 9th day of January, 1890, the defendant herein, for a valuable consideration paid to it by Mrs. Flora Cowley, issued to her its certain fire-insurance policy (said original policy is attached to the plaintiff's petition herein) ; that at the time said policy was issued Mrs. Flora Cowley was the owner of the fee title of the property described in said policy ; that on the 1st day of April, 1889, the said Flora Cowley, with her husband, Hale Cowley, executed a mortgage on the premises described in said policy to the Sedgwick Loan and Investment Company ; that on or about the 9th day of January, 1890, the date on which the policy of insurance was delivered to the said Mrs. Flora Cowley, she delivered the same with the mortgage clause attached to said policy to the Sedgwick Loan and Investment Company ; that subsequent to the delivery of said policy of insurance by Mrs. Flora Cowley to the Sedgwick Loan and Investment Company the said the Sedgwick Loan and Investment Company assigned, indorsed and delivered said mortgage hereinbefore mentioned, together with this policy of insurance, to John L. Dodge, plaintiff herein ; that on the 21st day of January, 1892, John L. Dodge, plaintiff herein, as plaintiff, commenced an action in this court against Hale Cowley and Robert E. Lawrence, administrator of the estate of Flora Cowley, deceased, and others, to

foreclose the said mortgage herein mentioned on the premises described in the policy sued on in this action (a copy of petition in said action of John L. Dodge against said Hale Cowley and others, together with a copy of the mortgage sued on herein, above mentioned, is hereto attached and made a part of these facts and marked exhibit 'A' and 'B' respectively) ; that thereafter, on the 24th day of October, 1892, the said John L. Dodge, as plaintiff, recovered a judgment in said cause which has never been vacated, reversed, set aside, or modified (a copy of said judgment is hereto attached, marked exhibit 'C' and made a part of these facts) ; that on the 6th day of September, 1893, I. T. Ault, the then duly elected, qualified and acting sheriff of Sedgwick county, Kansas, did, pursuant to said last-mentioned judgment, sell the premises described in said policy to the said John L. Dodge ; that on the 12th day of October, 1893, the Hon. C. Reed, judge of this court, did confirm the sale of real estate made in said action by the said sheriff (a copy of said confirmation of sale is hereto attached and made a part of these facts and marked exhibit 'D') ; that on the 8th day of November, 1893, the dwelling-house and private barn, insured by the policy hereinbefore mentioned, was totally destroyed by fire ; that said policy sued on in this action provides among other things, in said mortgage clause, as follows : ' It being hereby understood and agreed that this insurance, as to the interest of the mortgagee or trustee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, or by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy : Provided, That the mortgagee or trustee or assigns shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have the permission for such change of ownership or increase of hazard duly indorsed on this policy' ; that the said policy and mortgage clause attached to the plaintiff's petition herein

are to be considered a part of these facts as if fully set out herein ; that this defendant company had no knowledge or information of the suit, or any of the proceedings had therein by said John L. Dodge against Hale Cowley and others, to foreclose said mortgage herein mentioned or of the sale of said premises by the said sheriff to John L. Dodge, on the 6th day of September, 1893 ; that on or about the 10th day of November, 1893, the plaintiff, John L. Dodge, by his agent, R. E. Lawrence; notified this defendant company, by stating verbally to Caldwell & Fellows, agents of this defendant company, that the house and private barn insured by this policy had been destroyed by fire ; that on the 2d day of December, 1893, the plaintiff herein submitted proof of loss, as provided for by conditions in said policy of insurance, a copy of which is hereto attached and made a part of these facts, and marked 'Exhibit E.'

"Dated, Wichita, Kan., December 4, 1894."

Judgment was rendered for the defendant and the plaintiff brings the case here for review.

At the outset we are met with a motion to dismiss this action for the reason that there is no sufficient transcript or case made attached to the petition in error.   The record is certainly far from satisfactory. It cannot be upheld as a case made.   However, the petition, answer, agreed statement of facts, judgment and all proceedings necessary to show the errors complained of are attached to the petition in error, accompanied by a certificate of the clerk of the court which reads as follows :

"I, S. N. Bridgman, clerk of the district court within and for the county of Sedgwick, state of Kansas, do hereby certify that the above and foregoing is a true copy of all papers and proceedings in the cause wherein John L. Dodge is plaintiff and the Hamburg-Bremen Fire Insurance Company is defendant, as the same remains of record in my office, except returned

summons by superintendent of insurance, præcipes for copies, execution, journal entry of correction, journal entry overruling motion.

"Witness my hand as such clerk, and the seal of said court attached, this the 13th day of April, 1895.

S. N. BRIDGMAN,
*Clerk of the District Court of Sedgwick County, Kansas.*"

By a liberal interpretation we treat the record as a transcript, and review the case. We cannot, however, recommend it as a model to be copied in the future.

The real question in this case is whether the plaintiff should recover upon the agreed statement of facts and the pleadings. In *Westchester Fire Ins. Co. v. Coverdale*, 48 Kan. 446, it was decided that the mortgagor could not maintain an action upon a policy of insurance which contained a similar subrogation contract unless the mortgage was paid, but that the mortgagee only could maintain the action, unless he authorized the owner so to do. By the subrogation contract the insurance company entered into a contract with the mortgage company or its assigns, by the terms of which the amount of the policy, in case of loss, is to be paid to it so far as its interest may appear. It therefore follows that so far as his interest appears John L. Dodge is the assured. The subrogation contract must be construed the same as though it read, "loss, if any, under this policy payable to John L. Dodge, mortgagee, as his interest may appear." The policy was to run five years and the premium for the full term was paid. No one could collect the money in case of loss but Dodge. The insurance company took the risk and collected the full premium knowing that, while Mrs. Cowley held the fee title, Dodge held a lien upon the property which might in time be transferred into a title. It must have anticipated

that Dodge was likely to take steps to foreclose the lien which was insured.

When an insurance company insures a mortgage lien, it must anticipate that, upon default, the lien-holder will begin foreclosure proceedings, obtain judgment, and secure a sale of the mortgaged property. There can be no question but that the mortgagee is protected by the terms of the contract with the insurance company until the sale is confirmed and the money ordered by the court to be paid to the mortgagee. Is the purchaser also protected by the terms of the contract, and does it make any difference whether the mortgagee or a stranger is the purchaser? If a stranger is the purchaser there is a change of ownership. If the mortgagee is the purchaser his interest is changed from a lien-holder to an owner in fee. Counsel for defendant in error contend that the interest of "John L. Dodge, mortgagee," was insured, and not the interest of "John L. Dodge, owner," and that, in order to have held the insurance in force, Dodge should have notified the company of the change of the fee title and obtained the consent of the company to the change. They argue that the company might have been willing to have insured the property if Mrs. Cowley was the owner, but not if Dodge was the owner. The property was occupied by a tenant as a dwelling when it was insured and when it burned. It cannot be said that the hazard was increased by the transfer of the interest of Dodge from a lien-holder to a judgment creditor and then to an owner in fee. The insurance company was willing to insure Dodge as the assignee of the mortgagee.

The contention of counsel for the insurance company is that Dodge failed to notify the company of the change of ownership which occurred when he

purchased the property at sheriff's sale and have the permission of the insurance company for the change of ownership indorsed upon the policy. We cannot think that this is such a change of ownership as is contemplated by that clause of the subrogation contract. The change of ownership in this case increased the interest of Dodge, who under the subrogation contract is the insured. In no way was the risk increased. The title had not vested in some one other than the insured. It cannot be said that the insurance company might not be willing to insure the property with Dodge as the owner, because Dodge was already the insured. No one else could have maintained an action for the recovery of the insurance money. "A change of title which increases the interest of the insured, whether the same be by sale under judicial decree or by voluntary conveyance, will not defeat the insurance." (*Continental Ins. Co. v. Ward*, 50 Kan. 349, and cases there cited.)

If the property had been sold to some one other than the insured and the insured had knowledge thereof, there would be a reason why such knowledge should have been imparted to the insurance company, so that it could have elected whether it would carry the insurance with such a person as owner. In this case there was at no time a change of the person insured. It was always the loan company and its assignees. The only change of title or ownership was to increase the interest of the insured in the property and make his interest the absolute ownership thereof. Surely the insurance company cannot complain of this, nor is it entitled to any notice of such a change under the terms of the subrogation contract.

The judgment of the district court is reversed, and the cause remanded, with instructions to render judg-

ment upon the pleadings and agreed statement of facts against the defendant in error and in favor of the plaintiff in error, in accordance with the views expressed in this opinion.

All the Judges concurring.