THE LANCASHIRE INSURANCE CO. v. W. F. BOARDMAN.

No. 10054.

FIRE INSURANCE—*mortgage clause liberally construed.* Where a policy of insurance is issued to a mortgagor, and at the same time a mortgage clause is attached by which it is stipulated that the loss, if any, shall be payable to a mortgagee therein named, or its assigns, that the insurance, as to the mortgagee, shall not be invalidated by any act or neglect of the owner, and that the provisions of the mortgage clause shall take precedence over the provisions of the policy, *held:* First, that the mortgage clause will be liberally construed; and that a breach of the terms of the original policy which have especial relation to the risk as between the mortgagor and the insurer will not invalidate the policy in a suit brought by the mortgagee unless the provision violated is consistent with the mortgage clause; second, that the commencement of a suit to foreclose the mortgage and the appointment of a receiver to take charge of the property is not such a breach as will avoid a policy containing a clause providing that the policy shall be avoided upon the commencement of proceedings of foreclosure, or any change in title or possession, whether by legal process or judicial decree; such a clause being inapplicable to the risk as between the insurer and the mortgagee, whose interest in the insured property is not impaired or diminished by such proceedings.

Error from Sedgwick District Court. Hon. C. Reed, Judge. Opinion filed June 5, 1897. *Affirmed.*

*Thomas C. Wilson*, for plaintiff in error. *Myron H. Beach*, of counsel.

*Holmes & Haymaker*, for defendant in error.

ALLEN, J.   Boardman brought suit on a policy of insurance for twenty-five hundred dollars, issued by the plaintiff in error to Flora Cowley on the fifth day of December, 1889, alleging in his petition the execution of the policy, payment of the premium, and the destruction by fire of the property insured.   It was also alleged that the Sedgwick Loan and Investment Company loaned Flora Cowley the sum of twenty-five hundred dollars, for which she executed her bond secured by mortgage covering the property insured; that, as additional security for the loan, the said Flora Cowley, with the consent of the duly authorized agent of the defendant, assigned the policy of insurance to the Sedgwick Loan and Investment Company; that said investment company duly assigned to the plaintiff the mortgage and the debt secured thereby, and that the defendant's agent attached to the policy what is denominated as a mortgage clause, which bears date the day on which the policy was issued and the essential parts of which read as follows:

"Policy No. 1,510,005, in name of Flora Cowley. Agency at Wichita, Kan.   Loss, if any, payable to the Sedgwick Loan and Investment Company, mortgagee or trustee, or its assigns, as its interest may appear, as herein provided.   It being hereby understood and agreed that this insurance, as to the interest of the mortgagee or trustee, only, therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy.   *Provided,* that the mortgagee or trustee or assigns shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on this policy. And *provided further,* that every increase of hazard not

permitted by the policy to the mortgagor or owner, shall be paid for by the mortgagee or trustee or assigns, on reasonable demand and after demand made by this company upon, and refusal by the mortgagor or owner to pay, according to the established schedule of rates.

"It is also agreed that whenever this company shall pay the mortgagee or trustee or assigns any sum for loss under this policy, and shall claim that as to the mortgagor or owner no liability therefor exists, it shall at once and to the extent of such payment be legally subrogated to all the rights of the party to whom such payments shall be made, under any and all securities held by such party for the payment of such debt; but such subrogation shall be in subordination to the claim of said party for the balance of the debt so secured; or said company may, at its option, pay the mortgagee, or trustee or assigns, the whole debt so secured, with all the interest which may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made, an assignment and transfer of said debt, with all securities held by said parties for the payment thereof.

"The foregoing provisions and agreements shall take precedence over any provision or condition conflicting therewith contained in said policy. This clause is attached to, and is made a part of, the said policy from the fifth day of December, 1889."

For a seventh defense, the defendant set up in its answer:

"That the said policy of insurance issued by it, bearing date December 5, 1889, and numbered 1,510,-005, contains the following provision, condition and agreement, constituting a part thereof and one of the considerations therefor, to wit:

"'1. . . . Upon the commencement of proceedings of foreclosure, or upon a sale under a deed of trust, . . . or if any change take place in the title or possession, except in case of succession by reason of the death of the assured, whether by legal process or judicial decree or voluntary transfer or conveyance, . . . then, and in every such case, this policy is void.'

That the said W. F. Boardman, plaintiff herein, heretofore, to wit, on or about the first day of January, 1891, brought suit against the said Flora Cowley and others in this court, to foreclose the mortgage referred to in the petition in this action."

It was then averred that on the application of the plaintiff a receiver had been appointed, who took possession of the mortgaged property ; and that by reason thereof the policy was rendered void and the defendant discharged from all liability thereunder.   To this part of the answer the plaintiff demurred, and the demurrer was sustained by the court.   The only question presented is as to the correctness of this ruling.

An extended argument has been made and elaborate briefs filed on behalf of the plaintiff in error, citing many authorities supposed to have application to the case.   The contention is, that, while the mortgage clause provides that no act or neglect of the mortgagor shall invalidate the policy, the act of the mortgagee in commencing foreclosure and obtaining the appointment of a receiver, avoids it.   The language in the answer, copied from the policy of insurance, is picked out from a long provision stating many grounds of forfeiture.   The concluding sentence of the mortgage clause is : "The foregoing provisions and agreements shall take precedence over any provision or condition conflicting therewith, contained in said policy."   The policy and mortgage clause appear to have been issued contemporaneously.   The policy of insurance proper is written on a blank form adapted to the insurance of the owner against loss.   The provisions contained in the clause from which the excerpt copied in the defendant's answer is taken, are applicable to a policy issued to the owner, but many of them are wholly inapplicable to a policy issued to a mortgagee.

The mortgage clause attached, changes the insurance contract in the very essential particular of making the mortgagee the beneficiary of the policy so long as the mortgage debt remains unpaid; and he alone is entitled to recover in case of a loss. *Insurance Co. v. Coverdale*, 48 Kan. 446.

The purpose of the clause in the original policy, so far as it is lawful and enforceable, is to protect the insurance company against any material change of the situation calculated to increase the hazard of the insurer. It provides against transfers of the property, foreclosure, or change in title or possession; and it is readily apparent that the insurer might be unwilling to continue a risk when the title of the insured was becoming impaired either by a transfer of his interest, by its incumbrance, or by the institution of legal proceedings, for the purpose of effecting a transfer of the legal title, based on his own default in a mortgage contract. But these provisions appear in an entirely different light when construing the policy with the mortgage clause attached, in an action brought by the mortgagee. The commencement by the mortgagee of proceedings to foreclose a mortgage is not prohibited by the express terms of the mortgage clause, nor by any fair implication therein contained. If prohibited at all, it must be by reason of the provisions of the policy quoted. Construing both the original policy and the mortgage clause together, in the light of the plain purpose to insure the interest of the mortgagee, the commencement of foreclosure proceedings cannot be held to be a violation of any stipulation forbidding the mortgagee. The insurer must have known when attaching the mortgage clause that it might become necessary for the mortgagee, in order to protect his interest under the mortgage, to commence foreclosure proceedings; that this would not

have a tendency to diminish the interest of the mortgagee in the property, but rather to increase it. It is settled that an increase of the interest of the insured is no ground for a forfeiture of the policy. *Insurance Co. v. Ward*, 50 Kan. 346. Nor does the appointment of a receiver to take charge of the property amount to such a change of possession as would vitiate the insurance. The receiver takes possession, as an officer of the court, for the benefit of the parties interested in the litigation. *Thompson v. Phenix Ins. Co.*, 136 U. S. 237.

We have examined the authorities cited by counsel for plaintiff in error, and, while there is some language used in some of the cases tending to support his contention, no case is brought to our attention that seems controlling in this. The case of *Dodge v. Insurance Co.* (4 Kan. App. 415) was on a policy with a similar mortgage clause attached ; and the questions involved in this case were there resolved adversely to the contention of the plaintiff in error.

We find no error in the ruling of the court sustaining the demurrer, and it is affirmed.