DELAWARE INS. CO. OF PHILADELPHIA v. GREER et al.

(Circuit Court of Appeals. Eighth Circuit. February 23, 1903.)

No. 1,774.

**1. INSURANCE—CONTRACTS—CONSTRUCTION.**

Policies and contracts of insurance must be construed, like other contracts, according to the ordinary, popular sense of the terms they contain. The meaning of their stipulations, in their common, popular sense, is not to be discarded for some hidden meaning, that nothing but the exigency of a hard case and the ingenuity of an acute mind would discover.

**2. SAME—MORTGAGE CLAUSE—CONSTRUCTION.**

The effect of the mortgage clause, "loss, if any, payable to ———, mortgagee, as his interest may appear," or of words of similar import, often attached to policies of fire insurance, is to make the mortgagee the simple appointee of the mortgagor, to receive the proceeds of the amount of his interest, and to place his indemnity at the risk of every act and omission of the mortgagor that would avoid, terminate, or affect the insurance of the latter's interest under the terms of the policy.

---

¶ 1. See Insurance, vol. 28, Cent. Dig. § 292.

**8. SAME—FORECLOSURE CLAUSE—MORTGAGE CLAUSE—CONSTRUCTION.**

A policy of insurance to a mortgagor, to which was attached a mortgage clause in the above form, contained these provisions: "This entire policy unless otherwise provided by agreement endorsed hereon or added hereto shall be void * * * if with the knowledge of the insured foreclosure proceedings be commenced or notice be given of sale of any property covered by this policy by virtue of any mortgage or trust deed," and "if with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended thereto." *Held*:

(1) The mortgage clause expressed, more clearly than any other stipulation could have done, the provision and condition that the insurance of the mortgagees was subject to the risk of every act or neglect of the mortgagor which would avoid or terminate the latter's insurance under the original policy, because that had been the adjudicated construction of this mortgage clause for more than 40 years when it was attached to the policy.

(2) The condition of an avoidance of the policy for the commencement of foreclosure proceedings was not limited to foreclosure proceedings of which the insured had notice at the time or before they were commenced, but it covered all such proceedings, the commencement of which he acquired knowledge of at any time before the loss occurred.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

S. B. Amidon (J. F. Conly, on the brief), for plaintiff in error.
W. W. Padgett and S. H. Barr, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. On September 15, 1899, the Delaware Insurance Company issued its policy of fire insurance to John A. Henderson, the owner of a half interest in a building, and of the land on which it was situated, in the sum of $5,000. Henderson had made two mortgages upon the property—one to James H. Truskett for $1,000, and one to Greer, Mills & Co., a copartnership, and the defendants in error in this case, for $5,000. The insurance policy contained this provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if with the knowledge of the insured foreclosure proceedings be commenced or notice be given of sale of any property covered by this policy by virtue of any mortgage or trust deed."

On February 28, 1900, Truskett commenced proceedings to foreclose his mortgage. On March 5, 1900, the summons in that suit was served upon the mortgagor, Henderson. Greer, Mills & Co. were defendants in that action, and on May 7, 1900, they filed an answer and cross-petition, in which they prayed for the foreclosure of their mortgage. On June 5, 1900, a decree of foreclosure of both the mortgages was made, and Greer, Mills & Co., filed a præcipe for an order of sale under that decree. On June 17, 1900, the building burned.

Before the proceedings in foreclosure were commenced, the insurance company, at the request of the mortgagees, had attached to its policy the following clauses:

"Loss, if any, payable to James H. Truskett, mortgagee, as his interest may appear." "Loss, if any, under this policy, payable to Greer Mills Live Stock Commission Company, as their interest may appear, subject to a prior mortgage held by James H. Truskett."

The insurance company had no notice or knowledge of the foreclosure proceedings until after the fire. Greer, Mills & Co. brought an action on the policy to recover for the loss which they sustained by the fire.

The statement of these facts creates a strong impression that the insurance company was not liable under the contract upon which this action was based. Their agreement reads that, if foreclosure proceedings be commenced with the knowledge of the insured, the policy shall be void, unless otherwise provided by agreement indorsed thereon or added thereto. There was no other provision by any such agreement. Foreclosure proceedings were commenced. The insured knew that they had been commenced weeks before the fire. Is it not the logical conclusion that the policy was void when the fire occurred? The court below answered this question in the negative, and counsel for the defendants in error seek to sustain its conclusion upon three grounds:

Their first proposition is that the mortgagees, Greer, Mills & Co., were excepted from the operation of the foreclosure provision of the policy. They argue that a mortgage is an incident of a debt; that the right to foreclose is an attribute of a mortgage; that, when the insurance company agreed that the loss should be paid to the mortgagees as their interest might appear, they thereby consented to the exercise by them of their right to foreclose; and from these premises they draw the conclusion that the mortgagees were thereby excepted from the provision of the policy that it should be void if foreclosure proceedings were commenced with the knowledge of the insured. The soundness of the premises upon which counsel base their contention is conceded, but the alleged conclusion does not follow. On the other hand, the plain reading of the clauses of the policy is, and the evident intention of the parties to the contract was, in the first place, to concede the right of the mortgagees to foreclose their mortgage, and, in view of this situation, to clearly provide what the rights and relations of the parties should be if the mortgagees exercised their right to commence their proceedings to foreclose. The parties to the policy, in other words, recognized the right of the mortgagees to enforce the terms of their mortgage, and provided, in plain terms, that if they commenced proceedings for that purpose, and these proceedings came to the knowledge of the insured, the policy should be void. That this is the true construction of the contract is evident both from the customary meaning of its terms, and from the fact that at the time it was made there were two mortgage clauses in common use—the one here selected, which subjects the insurance of the mortgagee to the risk of all the acts and omissions of the mortgagor, and the union mortgage clause, which,

in express terms, excepts the insurance of the mortgagees from many or all of the deeds and delinquencies of the mortgagor. Syndicate Insurance Co. v. Bohn, 65 Fed. 173, 12 C. C. A. 539, 27 L. R. A. 614. The parties to this policy selected and appended to it the former clause, and by its legal effect their rights must be measured.

The cases of Ins. Co. v. Boardman, 58 Kan. 339, 49 Pac. 92, 62 Am. St. Rep. 621, and Dodge v. Hamburg-Bremen Fire Ins. Co., 4 Kan. App. 415, 46 Pac. 25, arose upon policies containing the union mortgage clause, and are neither controlling nor persuasive upon the question at issue in the case before us.

The second contention of counsel for the defendants in error is that the mortgagees were excepted from the effects of the deeds and delinquencies of the insured specified in the policy, because that instrument contained the provision that "if with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended thereto," and there was no stipulation attached or appended to the mortgage clause which in so many words declared that the insurance in favor of the mortgagees was subject to the same terms and conditions as that of the mortgagor. But the clause which these parties selected and attached to the policy had a known, definite, and adjudicated meaning; it had a settled legal effect when they chose and appended it to the contract—the meaning and effect that the indemnity thereby secured to the mortgagees was subject to the risk of every act and neglect of the mortgagor which would avoid the original policy in his hands. No form of words could have been devised or adopted, relating to the insurance of these mortgagees, which would so clearly and conclusively have expressed the intention of the parties to this contract to subject the indemnity secured by the mortgagees to the risk of the acts and omissions of the mortgagor, as the clause which they selected and attached to the policy, because a long line of adjudications, covering more than 40 years, had established the fact that this was its true meaning and effect. Grosvenor v. Atlantic Fire Ins. Co., 17 N. Y. 391, 393; Bates v. Equitable Ins. Co., 10 Wall. 33, 36, 19 L. Ed. 882; Smith v. Union Ins. Co., 120 Mass. 90, 91; Baldwin v. Ins. Co., 60 N. H. 164, 166; Martin v. Ins. Co., 38 N. J. Law, 140, 142, 20 Am. Rep. 372; State Ins. Co. v. Maackens, Id. 564; Loring v. Manufacturers' Ins. Co., 8 Gray, 28; Savings Inst. v. Central Ins. Co., 119 Mass. 240; Brunswick Savings Inst. v. Com. Union Ins. Co., 68 Me. 313, 28 Am. Rep. 56; Bank v. Amazon Ins. Co., 125 Mass. 431. The true construction of the clause "Loss, if any, payable to ———, mortgagee, as his interest may appear," or of words of similar import, when attached to policies of fire insurance, is, and has been for more than 40 years, that the mortgagee is thereby made the simple appointee of the mortgagor, and that his indemnity is at the risk of the acts and omissions of the latter which would avoid, terminate, or affect the mortgagor's insurance under the original policy.

The opinions in Oakland Home Fire Ins. Co. v. Bank of Commerce (Neb.) 66 N. W. 646, 36 L. R. A. 673, 58 Am. St. Rep. 663, Boyd v. Thuringia Ins. Co. (Wash.) 65 Pac. 785, 55 L. R. A. 165, Ins. Co. v. Boardman, 58 Kan. 339, 49 Pac. 92, 62 Am. St. Rep. 621, and Delaware Ins. Co. v. Truskett (Kan.) 70 Pac. 1131, which have been called to our attention in support of the opposite view, have been thoughtfully read and considered. The case of Ins. Co. v. Boardman is not in point, because the court was there considering the union mortgage clause, which expressly provides that the insurance of the mortgagee shall not be invalidated by the acts or neglects of the mortgagor, of which he has no knowledge. The opinions in the other three cases fairly sustain the contention of counsel for the defendants in error, but they are opposed to the established rule and the great weight of authority, and they do not commend themselves to our judgment, because they repudiate the long-settled construction and established meaning of the mortgage clause attached to the policy in hand, and ignore the invariable rule that, where the intent of the parties to an agreement is clearly expressed by the use of unambiguous terms or of stipulations that had a known and adjudicated meaning when they used them, they must be held to have intended that which they expressed, and no room is left for construction. The clause which the parties to this action selected and attached to the policy clearly expressed the condition that the insurance of the interest of the mortgagees was subject to the conditions which governed the insurance of the mortgagor, and they must abide by their agreement.

Finally, counsel seriously argue that the true meaning of the provision in the policy that it should become void "if with the knowledge of the insured foreclosure proceedings be commenced" is that the policy should become void only when the insured has knowledge of the foreclosure proceedings before or at the time when they are commenced. Their conclusion from this construction is that since the mortgagor in this case never had any knowledge of the foreclosure proceedings until the summons was served upon him, a few days after the suit in foreclosure was commenced, the prescribed condition precedent to the invalidity of the policy never existed, and the insurance company remained liable to pay the subsequent loss. In support of this position counsel have not failed to find the opinions of two courts: Bellevue Roller Mill Co. v. London & L. Fire Ins. Co. (Idaho) 39 Pac. 196, and North British & Mercantile Co. v. Freeman (Tex. Civ. App.) 33 S. W. 1091. It is by no means impossible that, if the exigency of the case had required, the diligence of counsel would have been rewarded with the discovery of a ruling somewhere that the stipulation here under consideration really required that the mortgagor should not only know of the foreclosure proceedings before they were commenced, but that he should also institute them against himself. It is plain that the effect of such a construction is merely to cancel this provision of the policy, for defendants in foreclosure proceedings are seldom informed of the time and place of their commencement at the time or before they are begun. Contracts of insurance, however, are not made by or for casu-

ists or sophists, and the obvious meaning of their plain terms is not to be discarded for some curious, hidden sense, which nothing but the exigency of a hard case and the ingenuity of an acute mind would discover. "Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used; and, if they are clear and unambiguous, their terms are to be taken in their plain, ordinary, and popular sense." Imperial Fire Ins. Co. v. Coos Co., 151 U. S. 452, 463, 14 Sup. Ct. 379, 38 L. Ed. 231; Fred J. Kiesel & Co. v. Sun Ins. Office of London, 88 Fed. 243, 246, 31 C. C. A. 515, 518; McGlother v. Provident Mut. Acc. Co., 89 Fed. 685, 689, 32 C. C. A. 318, 322. The terms of the provision of the policy under consideration are clear and unambiguous. The meaning of these terms, when taken in their ordinary and popular sense, is that the policy becomes void if the foreclosure proceedings are instituted, and this fact becomes known to the insured, at any time before the fire occurs. The result is that, unless otherwise provided by agreement indorsed on or added to the policy, the insurance of a mortgagee under the customary clause, which reads, in substance, "Loss, if any, payable to —— mortgagee as his interest may appear," ceases if foreclosure proceedings are instituted against the mortgagor, and the latter knows that they have been commenced, at any time before the fire which causes the loss occurs. Titus v. Glens Falls Ins. Co., 81 N. Y. 410, 417; Hartford Fire Ins. Co. v. Clayton (Tex. Civ. App.) 43 S. W. 910; Steam Laundry Co. v. Traders' Ins. Co. (Mo.) 52 S. W. 238, 239, 74 Am. St. Rep. 521; Merchants' Ins. Co. v. Brown, 77 Md. 79, 25 Atl. 992; McKinney v. Western Assur. Co. (Ky.) 30 S. W. 1004. The case under consideration falls fairly within this rule. The judgment below is accordingly reversed, and, as this case is here upon an agreed statement of facts, the case is remanded to the Circuit Court, with directions to enter a judgment upon the merits in favor of the insurance company, with costs.