No. 18,257.

THE CITIZENS STATE BANK of Chautauqua, *Appellee*, v. THE SHAWNEE FIRE INSURANCE COMPANY, *Appellant*, and LAURA NESSELROOD, *Appellee*.

### SYLLABUS BY THE COURT.

1. INSURANCE—*Mortgagee's Interest—Dual Relation of Insurance Agent—No Fraud Presumed.* An agent of an insurance company with power to issue policies insured a property on which the bank of which he was cashier held a mortgage for about one-half the amount of the insurance, attaching a clause making the loss, if any, payable to the mortgagee as its interest should appear. *Held,* that in the absence of fraud or collusion the company could not deny liability on account of its agent's relation to such mortgagee.

2. —— *Same.* The rule that one can not serve two masters does not apply when loyalty to one involves no breach of duty to the other. Fraud is not necessarily to be presumed from mere duality of relation.

3. —— *Mortgage Clause — Foreclosure of Mortgage — Not Fatal to Recovery.* A mortgage clause that the loss, if any, shall be payable to the mortgagee as his interest may appear, "subject, however, to all the terms and conditions of this policy," does not relieve the insurer from liability upon a policy containing a condition that it shall be avoided by proceedings to foreclose any mortgage on the property—the insuring of a mortgage lien being sufficient indication that the company must have contemplated a possible or probable foreclosure. When an insurance contract prepared by the insurer contains ambiguous or inconsistent provisions it will be construed so as to uphold rather than defeat the indemnity.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed December 6, 1913. Affirmed.

Bank v. Insurance Co.

*David W. Mulvane, Charles E. Gault,* and *D. R. Hite,* all of Topeka, for the appellant.

*W. H. Sproul,* of Sedan, *Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellees.

The opinion of the court was delivered by

WEST, J.: The two principal questions presented by this appeal are: the authority of an agent, and the legal effect of a mortgage clause in a policy of insurance. An agent of the insurance company, with authority to write policies and make contracts for insuring property, wrote and issued a policy insuring the owner against loss on a certain building in the sum of $750. The agent was at the time cashier of a bank which held a mortgage of $350 on the insured property. The policy was accepted and the premium paid to and retained by the insurance company. Among the conditions in the policy was one to the effect that if, with the consent of the company, an interest under the policy should exist in the favor of a mortgagee, the condition thereinbefore contained should apply to such interests as should be written upon, attached or appended to the policy; another was that the policy should be void if any change other than by the death of the insured should take place in the interest, title or possession of the property, whether by legal process, judgment, voluntary act of the insured, or otherwise. The policy also contained a provision that it should be void "if foreclosure proceedings be commenced or notice given of sale of any property covered by this policy, by virtue of any mortgage or trust deed." The mortgage clause made the loss, if any, payable to the mortgagee as his interest might appear, "subject, however, to all the terms and conditions of this policy."

The defendant contends that, as it was neither alleged nor proved that it had notice or knowledge that the agent was acting for the bank and its benefit in issuing the policy, it is not bound by the act of one who

in trying to serve two masters, could in law serve neither. Also, that in view of the conditions of the policy and the mortgage clause the institution of foreclosure proceedings avoided the policy.

The plaintiff argues that as the agreed statement of facts shows that the adjuster denied liability upon the ground that the policy had become void by reason of the mortgage and the foreclosure proceedings, this amounted to a waiver by the company of the defense that its agent acted without authority. As to the second defense, the plaintiff insists that the retention of premiums by the company and its failure to cancel the policy amounted to a waiver of its rights under the mortgage clause.

Concerning the authority of the agent, it may be said that the rule invoked by the defendant, while founded on the inherent frailty of human nature and the experience of mankind and supported by abundant decisions, does not apply to the facts of this case so as to relieve the insurance company from liability on its policy. There is nothing inherently wrong in acting for two parties whose interests are dissimilar if all concerned so desire, and when an agent for one party voluntarily acts for his principal and also for another whose rights do not conflict in the transaction and no question arises as to his right to recover compensation from both and no fraud has been intended and no wrong done, and especially when the principal has retained the proceeds and benefits of the transaction, no reason exists why the mere fact that the agent assumes to act in a dual capacity should result in loss to either of the parties. Upon what principle should the insured be made to suffer loss because the one who wrote and issued the policy on behalf of the company was also in some matters agent of the former? If he acted fairly with each and did exactly what one not thus circumstanced would have done with the approval of his principal, what is there in the mere dual relation that should

penalize one party for patronizing the other? *Rockford Ins. Co. v. Winfield,* 57 Kan. 576, 47 Pac. 511, is relied on. But in that case the agent was cashier of one bank and president of another, which banks had taken warehouse receipts for the grain upon which the agent issued the policy. The company, however, not knowing the relation of the agent to the property insured, refused the risk, but the notice of refusal did not reach the agent until two or three days before the fire and the agent did not notify the insured until after the loss. It was said in the opinion that the assured was indebted to the banks in a sum exceeding the value of the property covered by the policy, and that the latter was really issued for the use and benefit of the banks. Also, that the doctrines of dual agency as there announced is subject to certain exceptions. In *Wilson v. Insurance Co.,* 90 Kan. 355, 133 Pac. 715, a property owner contracted with an agent representing several insurance companies to insure for a certain amount—not designating which company should issue the policy—and paid the premium and arranged with the agent to hold the policy and thereafter keep the property insured. It was held that the action of the agent in agreeing to hold the policy and keep the property insured was not repugnant to his duty to the company, there being no fraud or collusion, and that the maxim that "No man shall serve two masters" does not prevent the same person's acting as agent for certain purposes of two or more parties when their interests do not conflict and when loyalty to one is not a breach of duty to the other. Here the fact that the agent was cashier of a bank which held a mortgage for about half the amount of the insurance did not prevent his acting with fidelity to his principal, and there is no reason to suppose that the risk would have been refused had all the facts been fully disclosed. On the other hand, the company might with justice have complained had its agent permitted this business to go to a rival.

"An exception to the general rule exists, however, where the interests of the two principals are not conflicting and loyalty by the agent to one of them is not a breach of his duty to the other, as where the agent exercises no discretion in the matter, but acts merely to bring the parties together, and they themselves settle the terms of the agreement between them. Furthermore, the rule does not disqualify one who is agent of one party for a certain purpose from acting as agent for an adverse party for an entirely different purpose." (31 Cyc. 1449.)

Many authorities go to the extent of holding that the mere duality of relation is in law a fraud and that the maxim that from a wrong no action can arise applies. But decisions are also numerous to the effect that the law will not presume a fraud where none exists, and that a wrong in fact and not merely in theory is necessary to strike down a contract executed by an agent of both parties thereto, and this we deem the sounder doctrine.

"A person may act as agent of two or more principals in the same transaction, if his duties to each are not such as to require him to do incompatible things." (Mechem on Agency, § 67.)

The point is sought to be made that because the adjuster denied liability on the ground that the mortgage and its foreclosure had avoided the policy, this was a waiver of the agent's lack of authority, and *Redinger v. Jones,* 68 Kan. 627, 637, 75 Pac. 997, and later decisions to like effect are cited. But having already concluded that the agent rightfully acted for the insurance company this question becomes immaterial and its decision unnecessary.

The remaining question is whether the mortgage together with the conditions of the policy avoided the latter. It is urged with force that the mention in the clause of a mortgage presupposed a possible or probable foreclosure, and that under the former decisions it was for the benefit of the mortgagee who is

not to be denied a recovery because of certain conditions in the policy. It is well settled that whatever distinctions may be drawn between the "open mortgage clause" and the "union mortgage clause," a policy with either attached inures to the benefit of the mortgagee to the extent of his interest. (*Insurance Co. v. Coverdale*, 48 Kan. 446, 29 Pac. 682; *Insurance Co. v. Boardman*, 58 Kan. 339, 49 Pac. 92; *Insurance Co. v. Truskett*, 65 Kan. 861, 70 Pac. 1131; *Dodge v. Hamburg-Bremen Fire Ins. Co.*, 4 Kan. App. 415, 46 Pac. 25.)

In the Coverdale case the loss, if any, was made payable to the mortgagee in general terms, not merely as its interest should appear. The mortgage clause also provided among other things that the insurance as to the interest of the mortgagee should not be invalidated by any act or neglect of the mortgagee or owner. It was held the owner could not maintain an action on the policy unless the mortgage was paid, without obtaining authority from the mortgagee, and that the mortgage clause created an independent and new contract with the mortgagee and did not merely appoint it as the party authorized to receive the proceeds of the policy. In the Boardman case a similar clause was attached which also contained a provision that it should take precedence over the provisions of the policy. The ruling very naturally followed that with such a clause a provision in the policy that commencement of foreclosure should avoid it could not defeat the mortgagee. It was said:

"The commencement by the mortgagee of proceedings to foreclose a mortgage is not prohibited by the express terms of the mortgage clause, nor by any fair implication therein contained. If prohibited at all, it must be by reason of the provisions of the policy quoted. Construing both the original policy and the mortgage clause together, in the light of the plain purpose to insure the interest of the mortgagee, the commencement of foreclosure proceedings can not be held to be a violation of any stipulation forbidding the

mortgagee. The insurer must have known when attaching the mortgage clause that it might become necessary for the mortgagee, in order to protect his interest under the mortgage, to commence foreclosure proceedings; that this would not have a tendency to diminish the interest of the mortgagee in the property, but rather to increase it." (58 Kan. 343.)

The case of *Dodge v. Hamburg-Bremen Fire Ins. Co.,* 4 Kan. App. 415, 46 Pac. 25, is referred to with apparent approval, wherein it was held that a clause making the loss, if any, payable to the mortgagee or his assigns, as his interest may appear, insures the owner of the mortgage to the extent of his interest, and that a change of title which increases his interest, even to absolute ownership, will not release the insurer from liability. Further, that no notice need be given of such increase. There the mortgage clause was very long, and provided that notice should be given by the mortgagee of any change of ownership or increase of hazard which should come to his knowledge, and all of its many provisions were expressly made to take precedence over any conflicting provision or condition contained in the policy, and it was held that it must be construed as if it read "loss, if any, . . . payable to . . . [the] mortgagee." (p. 421.) Also that a company insuring a mortgage lien must anticipate foreclosure; that the mortgagee is protected until a foreclosure, confirmation of a sale and payment of the money ordered made to him. It seems that the mortgagee purchased at his own foreclosure, and the company defended on the ground that he had failed to notify it of this change of ownership, but the court said this was not such change as was contemplated by the subrogation contract, and that it in no manner increased the risk, and the title had not vested in some one not insured, and *Insurance Co. v. Ward,* 50 Kan. 346, 31 Pac. 1079, was followed, holding that a change

of title which increases the interest of the insured, whether by judicial sale or voluntary conveyance, will not defeat the insurance.

Here it appears that the mortgagee foreclosed and caused the property to be sold and was holding a certificate of purchase, the period of redemption having expired since the fire. But under the rule announced in the cases already referred to, this would not of itself avoid the insurance.

No such clause as the one now under consideration is found in any of the foregoing cases nor in any cited by either party. So that the real question is whether the words "subject, however, to all the terms and conditions of this policy" mean what they say, or mean anything. There is a seeming inconsistency in insuring a mortgage lien and at the same time contracting that a foreclosure shall destroy or avoid the insurance, but to the writer it seems clear that when those competent to contract have settled upon the terms by which they are to be bound, neither can call upon the courts to make different terms. Such appears to him to be the unmistakable force of the rule announced in *Insurance Co. v. Thorp,* 48 Kan. 239, syl. ¶ 1, 28 Pac. 991; *Insurance Co. v. Russell,* 65 Kan. 373, 69 Pac. 345; *Insurance Co. v. Knerr,* 72 Kan. 385, 83 Pac. 611, and *Bank v. McIntosh,* 72 Kan. 603, 611, 84 Pac. 535. But the court is of the opinion that the clause in question does not differ essentially from the ones considered in the previous decisions referred to, and that no different rule of construction should apply. This holding is in accord with the practical doctrine that the province of insurance companies is to insure, and is consonant with the theory that by a contrary ruling an unsuspecting mortgagee might lose an indemnity for which he had paid in good faith believing he was secure.

The judgment is affirmed.