Jones v. Insurance Co.

No. 19,246.

CATHERINE E. JONES et al. (CATHERINE E. JONES, *Appellee*), v. THE PHOENIX INSURANCE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. INSURANCE—*Mortgage Clause—Foreclosure—Not Fatal to Recovery*. An insurance policy, with mortgage clause attached providing that the policy shall not become void by reason of any act or neglect of the mortgagor or owner of the property insured, will not be avoided in the hands of the mortgagee by reason of foreclosure proceedings being commenced.

2. PLEADINGS — *Amendment of Reply — Within Judicial Discretion*. It is within the discretion of the trial court to permit the amendment of a reply, on the trial of a cause, and judgment will not be reversed for allowing such amendment when no harm to the party complaining has been shown.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed February 6, 1915. Affirmed.

*M. A. Fike,* and *E. L. Snyder,* both of Kansas City, Mo., for the appellant.

*Lee Bond,* and *T. W. Bell,* both of Leavenworth, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action on an insurance policy held by a mortgagee, issued to the mortgagor, with mortgage clause attached, the mortgage clause containing this provision:

"That this insurance, as to any claim that the mortgagee or trustee only may have in the proceeds thereof, under the foregoing agreement, shall not become void by reason of any act or neglect of the mortgagor or owner of the property insured."

The policy provides that it shall be void, if with the knowledge of the insured, foreclosure proceedings.

be commenced. It also provides that if fire occur, the insured shall give immediate notice of any loss thereby, in writing, to the company, and within sixty days after the fire, unless such time is extended, in writing, by the company, shall render a statement to the company, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire.

The company sought to avoid the policy because foreclosure proceedings were commenced, with the knowledge of the insured, and because the insured did not, within sixty days after the fire, make and furnish to the company proof of loss as required by the policy. On the trial the court permitted the plaintiff's reply to be amended so as to set out a waiver of notice of the institution of foreclosure proceedings and a waiver of proof of loss. The jury found in favor of the plaintiff, Catherine E. Jones, on evidence sufficient to support the verdict.

The appellant complains of three things, to wit:

"1. Permitting plaintiff to introduce testimony to the effect she had informed defendant of an *intention* to foreclose the mortgage upon the property; no foreclosure then having been commenced.

"2. Permitting plaintiff to amend the reply filed and requiring defendant to proceed to trial upon the reply as then amended.

"3. The verdict is excessive and upon the pleadings and evidence should have been for defendant."

The appellant's first contention either ignores or renders nugatory the mortgage clause attached to the policy. Of what use is insurance held by a mortgagee on mortgaged property if the commencement of foreclosure proceedings vitiates the policy? An insurance policy held by a mortgagee, under a mortgage clause, as above set out, contemplates that there may be a foreclosure of the mortgage. (*Insurance Co. v. Boardman*, 58 Kan. 339, 49 Pac. 92; *Bank v. Insurance Co.*,

91 Kan. 18, 137 Pac. 78.) In *Insurance Co. v. Board-man,* supra, this court said:

"Where a policy of insurance is issued to a mortgagor, and at the same time a mortgage clause is attached by which it is stipulated that the loss, if any, shall be payable to a mortgagee therein named, or its assigns, that the insurance, as to the mortgagee, shall not be invalidated by any act or neglect of the owner, and that the provisions of the mortgage clause shall take precedence over the provisions of the policy, *held:* First, that the mortgage clause will be liberally construed; and that a breach of the terms of the original policy which have especial relation to the risk as between the mortgagor and the insurer will not invalidate the policy in a suit brought by the mortgagee unless the provision violated is consistent with the mortgage clause; second, that the commencement of a suit to foreclose the mortgage and the appointment of a receiver to take charge of the property is not such a breach as will avoid a policy containing a clause providing that the policy shall be avoided upon the commencement of proceedings of foreclosure, or any change in title or possession, whether by legal process or judicial decree; such a clause being inapplicable to the risk as between the insurer and the mortgagee, whose interest in the insured property is not impaired or diminished by such proceedings." (Syl.)

Again, in *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78, we find this:

"A mortgage clause that the loss, if any, shall be payable to the mortgagee as his interest may appear, 'subject, however, to all the terms and conditions of this policy,' does not relieve the insurer from liability upon a policy containing a condition that it shall be avoided by proceedings to foreclose any mortgage on the property—the insuring of a mortgage lien being sufficient indication that the company must have contemplated a possible or probable foreclosure. When an insurance contract prepared by the insurer contains ambiguous or inconsistent provisions it will be construed so as to uphold rather than defeat the indemnity." (Syl. ¶ 3.)

(See, also, *Insurance Co. v. Coverdale,* 48 Kan. 446, 27 Pac. 682; *Dodge v. Hamburg-Bremen Fire Ins. Co.,*

4 Kan. App. 415, 46 Pac. 25; Note to *Brecht v. Law Union & Crown Ins. Co.*, 18 L. R. A., n. s., 204-207.)

The next complaint is of the amendment of the reply which was amended by setting out a waiver of notice of foreclosure proceedings, and of proof of loss. The allowance of this amendment was within the sound discretion of the trial court. (Civ. Code, § 140.) In order to reverse this judgment for this reason, the appellant should show that it was in some way injured or misled by this amendment. (Civ. Code, §§ 140, 141, 143.)

The last contention is that the verdict is excessive. Why and how much is not shown.

No error appears. The judgment is affirmed.