**NORTHWESTERN NAT. INS. CO. v. ALAMO LUMBER CO.**

No. 9505.

Court of Civil Appeals of Texas. San Antonio.

Jan. 30, 1935.

T. M. West, Nat L. Hardy, and Frank Buchanan, all of San Antonio, for plaintiff in error.

Terrell, Davis, Hall & Clemens, of San Antonio, for defendant in error.

BICKETT, Chief Justice.

Northwestern National Insurance Company has appealed from a judgment rendered against it in favor of Alamo Lumber Company for $750 upon a policy of fire insurance in which Jesus Sendejo was named as the insured and in which Alamo Lumber Company was named as payee under the "loss payable clause."

The issues on appeal are as to (1) the necessity for the claimant to plead and prove facts to negative certain exceptions from the liability stipulated in the policy; and (2) the effect of the institution of foreclosure proceedings and notice thereof to the insured.

The policy, in the form of the "Texas Standard Fire Policy," contained the usual provision that the company should not be liable for loss caused directly or indirectly by certain specified causes. The petition alleged that the cause of the fire that destroyed the house was unknown. There was no evidence as to the origin of the fire.

The policy also provided: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if * * * before a fire occurs, the insured shall obtain or receive information that foreclosure proceedings have been commenced or that notice has been given or posted of sale of any property covered by this policy by virtue of any mortgage or trust deed."

The policy involved represents a renewal of former policies issued by plaintiff in error to defendant in error with knowledge of the interest of defendant in error as mortgagee. Defendant in error held a builder's and me-

chanic's lien, executed by Sandejo and acknowledged by him before plaintiff in error's local agent as notary public, securing payment of an indebtedness for the construction of the house. That the debt was past due was known to plaintiff in error's local agent. This agent of plaintiff in error had issued each of the successive policies, including the last renewal, to defendant in error at the latter's request for insurance to cover its interest as mortgagee. Defendant in error had paid all premiums. And all transactions with reference to the policies were between plaintiff in error and defendant in error. The form of the policy was the one customarily issued by plaintiff in error's agent to a mortgagee ap-. plying for insurance to protect its interest.

Defendant in error filed suit against Sandejo on April 28, 1932, for recovery of its debt and foreclosure of its lien; and, upon personal service of process, it recovered judgment as prayed. The property was advertised to be sold under order of sale on August 2, 1932. The house was destroyed by fire on July 29, 1932.

■ In a suit on a fire insurance policy, it is necessary for the plaintiff to plead and prove the facts that bring the loss within the general obligation of the policy and that take it out of the specified exceptions from liability. Therefore the record in this case fails to sustain the judgment rendered. Boston Insurance Company v. Fitzpatrick (Tex. Civ. App.) 75 S.W.(2d) 897.

■ The provision of a fire insurance policy that it shall be void upon notice, before a fire occurs, to the insured of the commencement of foreclosure proceedings, has no application to a policy issued to a mortgagee, where the mortgagee obtains the insurance and pays the premiums for the mutually understood purpose of insuring the mortgagee's interest in the property, although such mortgagee subsequently institutes foreclosure proceedings. Under the facts of this case, defendant in error was, in reality, the party insured. Plaintiff in error had full knowledge of the facts as to the interest of defendant in error. That interest was not impaired or diminished by the institution of the foreclosure suit. The purpose of the "notice of foreclosure clause" in the case of a policy issued to the owner as the insured has no application to the facts of this case. The policy thus construed was not, therefore, avoided by the institution of the foreclosure suit. Baker v. Liverpool & London & Globe Ins. Co. (Tex. Civ. App.) 275 S. W. 316; Citizens' State

Bank v. Shawnee Fire Ins. Co., 91 Kan. 18, 137 P. 78, 49 L. R. A. (N. S.) 972; Jones v. Phœnix Insurance Co., 94 Kan. 235, 146 P. 354.

The judgment is reversed, and the cause remanded.